# Richmond

## ELLIS E. HORNE V. SUPERIOR LIFE INSURANCE COMPANY.

January 15, 1962.

Record No. 5364.

Present, All the Justices.

*Allan S. Reynolds* and *Stanley E. Sacks* (*Sam W. Nathan; White, Ryan & Reynolds; Sacks, Sacks & Kendall,* on brief), for the appellant.

*Spencer Gill* (*Rixey & Rixey,* on brief), for the appellee.

SNEAD, J., delivered the opinion of the court.

This appeal resulted from an award made on April 21, 1961, by the Industrial Commission in which Ellis E. Horne, Appellant, was denied his claim for compensation against his employer, Superior Life Insurance Company, appellee, under the Workmen's Compensation Act, and his case was dismissed.

The facts are not in dispute. Horne was employed by Superior as an agent in Norfolk. On September 28, 1959, he was a passenger in his wife's car which was being operated by his son. The vehicle became involved in a collision with another operated by James T. Washington, who was an uninsured motorist. Horne received injuries which later necessitated the amputation of his right leg. There was in force and effect at the time of the collision a liability insurance policy issued to Mrs. Horne by Aetna Insurance Company covering her automobile. Horne was an insured under the terms of it. This policy contained an uninsured motorist coverage provision as required by § 38.1-381(b)[1], Code 1950, as amended. On the day following

[1] "§ 38.1-381(b). Nor shall any such policy or contract be so issued or delivered unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of § 46.1-1(8), as amended from time to time, of the Code herein. Such endorsement or provisions shall also provide for no less than five thousand dollars coverage for injury to or destruction of the property of the insured in any one accident but may provide an exclusion of the first two hundred dollars of such loss or damage."

the accident Horne notified the supervisor of Superior's Norfolk office of his injuries. It is conceded by Superior that the accident which caused Horne's injuries arose out of and in the course of his employment.

On January 12, 1960, Horne instituted an action at law for damages in the sum of $50,000 against Washington, giving the required statutory notice to his insurer, Aetna. Before trial of the case a settlement of $13,000 was reached between Horne and Aetna, without the knowledge and consent of Superior. Upon payment of this amount, Horne executed a "Policy Holder's Release and Trust Agreement." By this instrument, dated May 23, 1960, Horne released and discharged Aetna "of and from any and all claims, demands, actions and causes of actions which said Trustee [Horne] now has, or hereafter may have" against Aetna under the uninsured motorist coverage of its policy issued to Mrs. Horne by reason of the accident in question. It was further provided that Horne would hold for the benefit of Aetna all rights, claims and causes of action he has, or may have, "against any person or persons, organization, association or corporation," other than Aetna because of bodily injury, etc., which was the subject of the claim made against Aetna.

It was further provided that Horne would take such action in his name as deemed necessary or appropriate by Aetna to recover damages suffered by him from any one other than Aetna who may be legally liable therefor, and that any sum recovered not in excess of the amount paid Horne by Aetna in the settlement would be held in trust by Horne and paid to Aetna. There was also a provision that the release and agreement did not apply to any compensation benefits received by Horne as those benefits were dealt with in a separate agreement of the same date between the parties. That agreement provided that Horne "shall make claim for any and all workmen's compensation benefits" to which he was entitled or that Aetna believed he was entitled, and that any benefits received would be divided equally between them after deducting attorneys' fees, if awarded.

In accordance with the latter agreement Horne filed a claim against Superior for compensation benefits with the Industrial Commission for the injuries he sustained. His claim was denied by the Commission because Horne had voluntarily executed a release of his claim against Aetna and thus destroyed his employer's (Superior's) right of subrogation against Aetna, and because he had enjoyed one full recovery within the meaning of the Act.

Section 65-38, Code 1950, as amended, reads in part:

"The making of a lawful claim against an employer for compensation under this Act [Workmen's Compensation] for the injury or death of his employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other party for such injury or death, and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such other party. * * *"

Section 38.1-381(f), Code 1950, as amended, provides in part:

"Any insurer paying a claim under the endorsement or provisions required by paragraph (b) [uninsured motor vehicle] of this section shall be subrogated to the rights of the insured to whom such claim was paid against the person causing such injury, death or damage to the extent that payment was made; * * *."

In the former section (65-38) the employer, under the Workmen's Compensation Act, is unquestionably given subrogation to the rights of the employee against a negligent third party to the extent of the payments made. In the latter section the insurer is likewise given subrogation to the rights of the insured against a negligent third party to the extent of payments made. The question arises as to whether the right of subrogation "against any other party" given the employer in the former section includes the rights that the employee has against the insurer under the uninsured motorist provision of a liability policy which is required by statute.

The precise issue is one of first impression. It is not the purpose of the uninsured motorist law to provide coverage for the uninsured vehicle, but its object is to afford the insured additional protection in event of an accident. Here, Aetna does not stand in the shoes of Washington, the uninsured motorist. Its policy does not insure Washington against liability. It insures Mrs. Horne and others protected under the policy against inadequate compensation. Aetna's liability to its insured is contractual, even though it is based upon the contingency of a third party's tort liability, and Horne's employer, Superior, does not become a third party beneficiary under the insurance contract. In fact, the policy specifically provided that it was not to inure directly or indirectly to the benefit of any workmen's compensation carrier or self-insurer under the Act. Mrs. Horne chose to provide, at her expense, additional protection under the uninsured

motorist provision for herself and others protected thereby and not for Superior or its compensation carrier. Neither Superior nor its compensation carrier acquired any more rights under Mrs. Horne's automobile liability policy than they would have acquired under a policy issued the insured providing for health and accident benefits. Certainly the Workmen's Compensation Act does not contemplate that the employer can be subrogated to the rights of the insured in such a policy. See *Commissioners of the State Insurance Fund v. Miller,* 4 App. Div. 2d 481, 482, 483, 166 N. Y. S. 2d 777, 779.

Moreover, the uninsured motorist law (§ 38.1-381) was first enacted by the General Assembly in 1958, years after the enactment of the Workmen's Compensation Act. It is reasonable to conclude that it was not contemplated or intended by the General Assembly that the employer's right of subrogation under the Workmen's Compensation Act should extend to the employee's rights under the uninsured motorist coverage of a liability policy.

In the absence of a statutory provision giving the employer or its compensation carrier a right of subrogation against an insurer of the employee under the uninsured motorist provision of a liability policy, such a right does not exist. (See 48 Cal. Law Rev. 516, at p. 529). We hold that § 65-38, *supra,* does not give that right, and the insurer in the present case is not "any other party" within the contemplation of the statute.

At the time of Horne's injury, § 38.1-381(h)[2], provided:

"The provisions of paragraphs (a) [omnibus] and (b) [uninsured motorist endorsement] of this section shall not apply to any policy of insurance to the extent that it covers the liability of an employer under any workmen's compensation law."

Superior contends that this language is in conflict with and supersedes the provision in Aetna's policy which states that it was not to inure to the benefit of any workmen's compensation carrier or self-insurer. We do not agree with this contention. We agree with the Commission that it was the intention of the General Assembly in enacting subsection (h) "to make clear that policy coverages required by this section [38.1-381] did not apply to workmen's compensation policies, nor would the benefits provided by this section accrue to an employer who became liable for the payment of workmen's com-

[2] Section 38.1-381(h) was amended in 1960 by adding "but no provision or application of this section shall be construed to limit the liability of the insurance company, insuring motor vehicles, to an employee or other insured under this section who is injured by an uninsured motor vehicle."

pensation benefits through injury suffered by an employee in a motor vehicle owned by the employer and covered by automobile liability insurance when such employee was injured by an uninsured motorist who was legally liable for damages." There is nothing in subsection (h) which gives an employer or its compensation carrier a right of subrogation against an insurer of the employee under the uninsured motorist provision of a liability policy contracted for by him or someone for his benefit. That being the case, Superior's rights of subrogation are against Washington, the alleged third party tortfeasor, who has not been released from liability.

Since Superior was subrogated to no rights against Aetna, Horne has not prejudiced or destroyed any rights of Superior by releasing Aetna from liability on its policy.

The fact that Horne assigned to Aetna his rights against Washington to the extent of payment made by Aetna is immaterial, because the assignment did not enlarge upon any rights given Aetna by statute, § 38.1-381(f). As has been seen, the statutory rights of subrogation given Aetna, the insurer, and Superior, the employer, are conflicting. Thus the question arises as to whether either has priority in the proceeds of any recovery against Washington. Here again we must seek to find the legislative intent and endeavor to reconcile §§ 65-38 and 38.1-381(f), *supra*. Counsel for Horne, who represented Aetna when the settlement between the two was made, agrees that under the conflicting statutes Superior has priority over Aetna in the proceeds of any recovery against Washington, the alleged wrongdoer. When we consider public policy and the welfare aspects of the Workmen's Compensation Act, we reach the conclusion that the General Assembly did not intend, by enacting the uninsured motorist law, to abrogate the right of subrogation conferred upon the employer in the Workmen's Compensation Act, nor did it intend to deprive the employer or its compensation carrier of its primary right of subrogation to the proceeds of any recovery had from the negligent third party. Thus we hold that the employer's right of subrogation against the negligent third party is superior to that of the insurer under the uninsured motorist law.

We turn next to the question of whether the Commission erred in rejecting Horne's claim for compensation benefits, because he had enjoyed one full recovery for the injury he sustained. It is not disputed that the settlement for $13,000 is more than Horne could recover under the Workmen's Compensation Act. As was said in

*Stone* v. *George W. Helme Co.*, 184 Va. 1051, 1057, 37 S. E. 2d 70, "the employee is not entitled to a double recovery, that is, from both the employer and the negligent third party." But in the present case Horne, the insured, has not effected a settlement with or collected any amount from Washington, the alleged negligent third party. The claim against him is still outstanding. Horne's settlement was with his own insurance carrier, who had contracted to pay him for injuries under the uninsured motorist provision of the liability policy. Under these circumstances, a prosecution of his claim for compensation benefits would not amount to a double recovery, and we so hold.

The Commission held that the agreement between Horne and Aetna in which Horne agreed to divide with Aetna all payments made under the Workmen's Compensation Act is null and void, because it violates the terms of § 65-79, Code 1950, which provides:

"No claim for compensation under this Act shall be assignable, and all compensation and claims therefor shall be exempt from all claims of creditors."

Horne argues that he has not assigned his "claim for compensation"; that the claim is being prosecuted by him; that the agreement calls for a reimbursement to Aetna of "a certain amount of money on certain conditions", and that an employee who collects compensation benefits may dispose of the proceeds as he may desire. He further argues that since he, the claimant, has interposed no objection to the agreement, the employer has no legal right to object. On the other hand, Superior takes the position that the language of the statute is explicit and that the Commission was correct in holding the agreement void.

Assuming, but not deciding, the agreement in question is void, then of necessity there would be no such agreement. In that event Horne could unquestionably press his claim for compensation, which he filed in his own name. Moreover, if and when a division of the benefits is called for by Aetna, Horne may test the defense that the agreement is void, if he so desires.

For the reasons given, the award is reversed and the case remanded for a determination of compensation benefits payable to Horne, the claimant.

*Reversed and remanded.*