Robert J. KNIGHT, Sr.,
Plaintiff-Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.

No. 79–1557.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Nov. 17, 1980.

Decided April 30, 1981.

Eldon L. Hagan, Kansas City, Kan., for plaintiff-appellant Robert J. Knight, Sr.

Joseph A. Sherman, Kansas City, Mo. (Linda L. Parker, of Jackson & Sherman, Kansas City, Mo., and Clifford T. Mueller of Rushfelt, Mueller, Lamar, Druten & Moran, Overland Park, Kan., with him on the brief), for defendant-appellee.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Robert J. Knight, Sr., appeals from a district court summary judgment order dismissing his diversity suit against Insurance Company of North America (INA).

On May 2, 1973, Knight, while driving a ·vehicle of his employer, Garrett-Holmes & Company, Inc., was injured in a collision with an uninsured motorist. His employment was covered by the workmen's compensation law of Kansas, and he received $16,043.63 from INA, the workmen's compensation insurance carrier for his employer. Knight then instituted the instant action, seeking to recover additional sums on the basis of the uninsured motorist coverage Garrett-Holmes had under a separate policy with INA; the maximum liability under this policy is $15,000. The district court held that as the workmen's compensa-

tion carrier for Garrett-Holmes, under Kan. Stat.Ann. § 44–532 (1973), INA was subrogated to the extent of the amount it had paid out as workmen's compensation on any recovery Knight may have upon the uninsured motorist policy. Because INA's workmen's compensation payments exceeded its maximum liability under the uninsured motorist policy, judgment was entered for INA. The only question on appeal is the correctness of the trial court's determination that under Kansas law INA has a right to subrogation on these stipulated facts.

The Kansas Workmen's Compensation Act in effect at the time of this accident,[1] preserved the right of an injured worker who has received workmen's compensation to bring suit against a person other than the employer in certain cases. Kan.Stat. Ann. § 44–504 (1973). The insurance carrier's subrogation rights, to the extent of workmen's compensation paid, were established by Kan.Stat.Ann. § 44–532 (1973). The critical question here is the scope of the intended subrogation under those two sections as established by the Kansas legislature. No Kansas case has dealt with this precise situation.

Kan.Stat.Ann. § 44–504 (1973), in relevant part, provided:

"When the injury or death for which compensation is payable under this act was caused *under circumstances creating a legal liability* against some person other than the employer or any person in the same employ to pay *damages*, the injured workman, his dependents or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person.

. . . . .

"Failure on the part of the injured workman, or the dependents or personal representatives of a deceased workman to bring such action within the time herein

specified, shall operate as an assignment to the employer of *any cause of action in tort* which the workman or the dependents or personal representatives of a deceased workman may have against any other party for such injury or death, . . ."

(Emphasis added).

INA contends that "under circumstances creating a legal liability" defines who can be held for damages within the statute, and inasmuch as INA's legal liability on the uninsured motorist policy stems from the circumstances of the accident, it has a right to subrogation on the liability under that policy. Conversely, Knight contends that section 44–504 was only intended to cover actions against third parties sounding in tort. We determine it is likely that the Supreme Court of Kansas would accept Knight's interpretation on this issue.

■ Although Kansas courts have not confronted this issue, many other jurisdictions have, and all seem to give the same answer: a workmen's compensation carrier's subrogation rights do not extend to actions based on uninsured motorist policies. *See Courson v. Maryland Casualty Co.*, 475 F.2d 1030 (8th Cir. 1973); *State Farm Mutual Auto. Ins. Co. v. Cahoon*, 287 Ala. 462, 252 So.2d 619 (1971); *Travelers Ins. Co. v. National Farmers Union Property and Cas. Co.*, 252 Ark. 624, 480 S.W.2d 585 (1972); *State Farm Mutual Automobile Ins. Co. v. Board of Regents*, 226 Ga. 310, 174 S.E.2d 920 (1970), *rev'g*, 120 Ga.App. 667, 172 S.E.2d 183 (1969); *State Farm Mutual Ins. Co. v. Fireman's Fund American Ins. Co.*, 550 S.W.2d 554 (Ky.1977); *Janzen v. Land O'Lakes, Inc.*, 278 N.W.2d 67 (Minn.1979); *Horne v. Superior Life Ins. Co.*, 203 Va. 282, 123 S.E.2d 401 (1962). The common thread of analysis in all these cases is that under workmen's compensation statutes with similar language subrogation is allowed only for actions in tort; and actions based on uninsured motorist policies sound in contract, not tort. These principles square

---

**1.** Sections 44–504 and 44–532, which control disposition of this appeal, were amended in 1974, in ways not affecting the issue in this case. *See* Kan.Stat.Ann. §§ 44–504, 44–532 (Supp.1979).

with Kansas law. *See also* 12 Couch on Insurance § 45:650 (2d ed. 1964); 2A Larson, Workmen's Compensation Law § 71.23 (1976).

Although INA contends section 44–504 in no way limits its coverage to tort actions, two such limitations exist in the statute. First, the statute only applies when the injury or death was caused under circumstances creating a legal liability "to pay damages." Courts have pointed out that "a payment made in performance of a contractual obligation is not a payment of damages." *State Farm Mutual Ins. Co. v. Fireman's Fund American Co.*, 550 S.W.2d 554, 557. *See also Janzen v. Land O'Lakes, Inc.*, 278 N.W.2d 67, 69. Second, we think it significant that section 44–504 declares that the failure of a workman to bring a timely suit against a third party "shall operate as an assignment to the employer of any cause of action in tort" which the workman may have against the third party. The Kansas Supreme Court has held that actions based on uninsured motorist policies sound in contract. *Winner v. Ratzlaff*, 211 Kan. 59, 505 P.2d 606, 612 (1973).

■ INA emphasized that the uninsured motorist policy was paid for by the employer, Garrett-Holmes, not the employee seeking to recover. It is true that some cases emphasize the fact that the employee paid for the policy with funds out of his own pocket and is entitled to the extra coverage. The trial court here found the difference as to who paid for the uninsured motorist coverage to be important. But we do not agree. The statutory language of section 44–504 provides no basis for such a distinction. That section applies to tort claims only, both as to the rights it preserves for employees and the subrogation right it creates for employers. We believe the section is simply inapplicable to this contract claim.[2] *See State Farm Mutual Ins. Co. v. Board of Regents*, 226 Ga. 310, 174 S.E.2d 920; *State Farm Mutual Ins. Co. v. Fire-*

man's *Fund American Ins. Co.*, 550 S.W.2d 554.

Accordingly, the case is reversed and remanded for further proceedings consistent with this opinion.

---

**2.** We note that Garrett-Holmes, the employer, is not here contesting the right of the employee to recover on the contract claim for the uninsured motorist coverage. Moreover, we think the insurer may not raise the question of who paid for the uninsured motorist policy in these circumstances; it is not a third party beneficiary to the contract.