**STATE of Delaware, Plaintiff,**

v.

**Joseph M. DONAHUE, Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted: Feb. 25, 1983.
Decided: Oct. 28, 1983.

B. Wilson Redfearn, of Tybout, Redfearn, Casarino & Pell, Wilmington, for plaintiff.

Susan C. Del Pesco, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for defendant.

MARTIN, Judge.

This is an action for declaratory relief to determine whether 19 *Del.C.* § 2363[1] gives a workmen's compensation employer-payor a right of subrogation against proceeds paid to an employee pursuant to uninsured motor vehicle coverage (18 *Del.C.* § 3902[2])

---

[1]. 19 *Del.C.* § 2363:

"(a) Where the injury for which compensation is payable under this chapter was caused under circumstances creating *a legal liability* in some person other than a natural person in the same employ or the employer to *pay damages* in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with this section. If the injured employee or his dependents or personal representative does not commence such action within 260 days after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. . . ." [Emphasis added].

\*     \*     \*     \*     \*     \*

"(e) In an action to enforce the liability of a third party, *the plaintiff may recover any* amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the Workmen's Compensation Act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits." [Emphasis added].

[2]. 18 *Del.C.* § 3902 (prior to 1982 revision.):

(a) *No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or oper-*

which had been purchased by the employer. The statutory provision, 19 *Del.C.* § 2363(a), mandates that an employer-payor, or his workmen's compensation insurance carrier, be reimbursed for any amounts paid under the Workmen's Compensation Act ("Act") to the extent that the legal liability of a third party and the concomitant payment of damages has yielded additional relief for the injured employee. Statutory provision 19 *Del.C.* § 2363(e) further clarifies the above provision, giving the employer or insurance carrier a right to subrogation for amounts recovered in an action in tort, in order to reimburse the employer for previous or future workmen's compensation payments. Based on the foregoing statutory provision, this Court must determine whether the obligation of an insurer to make payments under an uninsured motorist policy to an employee who has been injured by an uninsured motorist constitutes a "legal liability" to pay "damages", and, further, whether such payments constitute an amount the injured employee would be entitled to recover in an "action in tort." If the answer to the above questions is in the affirmative, then the employer must be granted the subrogation rights he seeks. This is believed to be a case of first impression in the State of Delaware.

The events which precipitated the present contest began on December 4, 1978 when the defendant, Joseph Donahue, ("employee"), an employee of the State of Delaware ("State") was injured in the course of his employment in an automobile accident with an uninsured motorist. As a result of the accident, the State paid $8,630.30 in work-men's compensation benefits to the employee. The employee also received $25,000.00 in settlement from the State's insurance carrier, Pennsylvania Manufacturers Association Insurance Company, such amount representing the uninsured motorist coverage under the State's policy. The State argues that pursuant to 19 *Del.C.* § 2363, it has a right to subrogation against payments received by the employee under the State's uninsured motorist coverage, for payments the State has made and will make in the future as workmen's compensation benefits. The employee maintains that the language of the statute prohibits such a result.

A number of decisions in other jurisdictions have construed statutes containing language similar to that found in the Delaware Workmen's Compensation Statute. Some of these courts have held that their respective statutes, based on a literal interpretation of the language contained therein, did not give a workmen's compensation employer-payor or his insurance carrier a right to subrogation against proceeds paid to the employee pursuant to uninsured motorist coverage[3]; other Courts have come to the opposite conclusion by construing the language contained in their statutes so as to give effect to the legislative intent underlying the statute.[4]

In analyzing 19 *Del.C.* § 2363 and its application to the case sub judice, this Court must give effect to the specific legislative intent in enacting the original statute, *"even though a literal reading of the statutory language might seem to be inconsistent with the general intent."* *Kohanovich*

ators of uninsured or hit-and-run motor vehicles for bodily injury, sickness or disease, including death, or personal property damage resulting from the ownership, maintenance or use of such uninsured or hit-and-run motor vehicle.
[Emphasis added]

3. *Knight v. Insurance Co. of North America,* 10th Cir., 647 F.2d 127 (1981) (employer paid for uninsured motorist coverage); *Bogart v. Twin City Fire Insurance Company,* 5th Cir., 473 F.2d 619 (1973) (injured employees own insurance company paid uninsured motorist claim); *State Farm Mut. Ins. v. Fireman's Fund*

*Am.,* Ky.Supr., 550 S.W.2d 554 (1977) (injured employee's own insurance company paid uninsured motorist claim).

4. *Johnson v. Fireman's Fund Ins. Co.,* La.Supr., 425 So.2d 224 (1982) (employer paid for uninsured motorist coverage); *Brown v. Southern Farm Bureau Ins. Co.,* La.Ct.App., 426 So.2d 684 (1982) (employer paid for uninsured motorist coverage); *Montedoro v. Asbury Park,* N.J. Super., App.Div., 174 N.J.Super. 305, 416 A.2d 433 (1980) (employer paid for uninsured motorist coverage).

*v. Youree,* Del.Super., 147 A.2d 655, 657 (1959). [Emphasis added]. The policy underlying the present workmen's compensation reimbursement provision, 19 *Del.C.* § 2363, was explored in *Travelers Ins. Co. v. E.I. Du Pont De Nemours & Co.,* Del. Supr., 9 A.2d 88 (1939). The *Travelers* Court held that "the subrogation clause [referring to Code 1935, § 6108, a predecessor of 19 *Del.C.* § 2363], is solely for the benefit of the employer who has paid or becomes liable for compensation." *Id.* at 90; *see also, Frank C. Sparks Co. v. Huber Baking Co.,* Del.Supr., 96 A.2d 456 (1953). The Court in *Travelers* continued,

> The obvious purpose is that the person to whom compensation is paid, whether it be the person injured or other person having a claim against the third party tort feasor shall not collect both the statutory compensation and also the full damages for the injury, but that the employer having paid the compensation is equitably entitled (or subrogated) to the right against such third person liable for the injury. *Id.* at 90–91 [Emphasis added].

Based on the rule of construction set forth in *Kohanovich v. Youree, supra,* this Court must defer to the legislative purpose of the workmen's compensation reimbursement provision, as expressed in *Travelers,* and permit the employer-payor or his insurance carrier to exercise reimbursement rights against payments made to the employee pursuant to an uninsured motorist policy paid for by the employer, even though the language in the statute is capable of conflicting constructions.

As noted previously, some courts in other jurisdictions, when faced with statutory language substantially similar to Delaware's, have construed such language in the light of the policy which the statute sought to further, thereby giving effect to the legislative intent rather than finding themselves unduly constricted by a literal interpretation. One such case is *Johnson v. Fireman's Fund Ins. Co.,* La.Supr. 425 So.2d 224 (1982). The Supreme Court of Louisiana in *Johnson* was faced with a factual situation quite similar to the instant case, that is, an employee had been injured in an automobile accident while driving his employer's vehicle in the course of his employment. The employee subsequently sought both workmen's compensation and uninsured motor vehicle benefits. The uninsured motor vehicle policy had been paid for by the employer and the employer alleged a right to reimbursement pursuant to statute. The statute construed in *Johnson*[5] is similar to 19 *Del.C.* § 2363[6] in that it grants an employer a right to reimbursement to amounts received by the employee from a *third person* who had a legal liability to pay *damages* to the injured employee: The *Johnson* Court held that,

> An uninsured motorist carrier is a third person legally liable to pay damages to an injured employee protected by its coverage because it is obliged by law and the issuance of its policy to repair the same damage which the tort feasor has caused

**5.** La.R.S. 23:1101:

"*When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as third person) other than those persons against whom the said employee's rights and remedies are limited in Section 1032 of this Chapter, a legal liability to pay damages in respect thereto,* the aforementioned employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.

"*Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to such employee or his dependents.*" [Emphasis added].

**6.** Compare footnote 1. 19 Del.C. § 2363 statute refers to third parties.

and to guarantee recovery as if the tort feasor had been insured. Therefore, a worker compensation insurer can recover amounts paid to an injured employee out of uninsured motorist coverage. *Id.* at 225.[7]

The Court in *Johnson* limited an employer's right of reimbursement to the proceeds of uninsured motorist coverage paid for by the employer, stating that if the employee had paid for the uninsured motorist coverage, the employer would have no reimbursement rights. *Id.* 425 So.2d at 228. The *Johnson* Court supported this position by citing Louisiana Code provision La.R.S. 23:1163, which protects the employee "against dilution of his compensation benefits by the compensation act's specific prohibition against direct or indirect collections from an employee to reimburse the employer, his insurer or any person for the cost of worker compensation insurance." *Id.* 425 So.2d at 229. The Delaware counterpart to the aforementioned provision of the Louisiana Code is 19 *Del.C.* § 2377, dealing with substitute compensation systems and providing that,

> (b) No such substitute system shall be approved ... *if it requires contribution from the employees, unless it confers benefits in addition to those provided under this chapter at least commensurate with such contributions.* [Emphasis added].

Since the fact situation in the case sub judice includes uninsured motorist coverage paid for by the employer, this Court declines to rule as to whether an employer or his insurance carrier would have a right to reimbursement from proceeds paid by an employee's own uninsured motorist carrier.

In order for the *Johnson* Court to conclude that payments to an injured employee, pursuant to uninsured motorist's coverage purchased by the employer, were subject to the employer's statutory subrogation rights, it was necessary to reject previous case law constructions of the phrase, a "third person's legal liability to pay damages." A lower Court in *Gentry v. Pugh,* La.Ct.App., 362 So.2d 1154 (1978), writ refused, La.Supr., 363 So.2d 922 (1978), had previously determined that uninsured motorist carriers were not "third persons" as that term is contemplated in La.R.S. 23:1101's grant of reimbursement against any "third person" legally liable to pay damages. Additionally, in *Bannon v. Edrington,* La.Ct.App., 392 So.2d 186 (1980), a lower Court had held that the uninsured motorist carrier was not "legally liable to pay damages" so as to qualify under 23:1101. The *Johnson* Court held that, the previous cases represented too narrow a view of 23:1101, and that these cases failed to give effect to the legislative aim to minimize double-recovery operative in the statute. Additionally, the Court in *Johnson* noted:

> The provision of R.S. 23:1101 authorizing an employer's suit against third persons legally liable in damages to the employee was enacted in 1914, long before the law had developed the concept of uninsured motorist coverage ... Since the legislature could not have anticipated the future laws by which insurers would become surrogates by tortfeasors, its failure to specifically state that ... uninsured motorist insurance carriers may qualify as third persons legally liable for damages does not warrant insulating them from reimbursement action. *Id.* at 228.

Similarly, the Delaware Workmen's Compensation reimbursement provision was originally enacted in 1915, while the uninsured motorist statute was first enacted in

---

7. To support this reasoning the *Johnson* Court relied on *Hoefly v. Government Employee's Ins. Co.,* La.Sup., 418 So.2d 575, 579 (1982) which held, "the fact that the uninsured motorist carrier is bound by the combined effect of the tortfeasor's wrongful act, the uninsured motorist statute, and the carrier's delivery or issuance for delivery of automobile liability insurance, while the tortfeasor is obliged merely because of his delict, does not prevent there being an obligation in solido on the part of the debtors. The obligation may be in solido even though the obligations of the obligors arise from separate acts or by different reasons."

1953. This Court, therefore, finds the above reasoning persuasive.

Although this Court also finds the *Johnson* Court's construction of the words "a third person's legal liability to pay damages" persuasive, the Delaware Workmen's Compensation reimbursement provision contains additional language which appears to limit an employer's reimbursement to those funds which the employee would be entitled to recover in an "action in tort."[8] The import of similar additional language was explored in *Knight v. Insurance Co. of North America,* 10th Cir., 647 F.2d 127 (1981). The statute construed in *Knight* contains not only the words "legal liability to pay damages" but also the "action in tort" language which is present in the Delaware Statute.[9]

In *Knight* an employee was injured in a collision with an uninsured motorist. The employee was paid workmen's compensation benefits under his employer's policy, and then filed a third party suit to recover benefits pursuant to uninsured motorist coverage which his employer carried on the vehicle. The District Court granted the workmen's compensation carrier subrogation rights against the uninsured motor vehicle recovery but the Circuit Court reversed.

Based on the "action in tort" language contained in the Kansas statute, the *Knight* Court held that "subrogation is allowed only for actions in tort; and [that] actions based on uninsured motorist policies sound in contract, not in tort". *Id.* at 128. The Court in *Knight* also held, in reference to the "legal liability to pay damages" language, that payments pursuant to a contract could not be categorized as "damages". *Id.* This Court rejects the *Knight* Court's interpretation of both these phrases for the same reasons that the *Johnson* Court rejected a narrow interpretation of the words "a third person's legal liability to pay damages." That is, in Delaware, a statute must be construed so as to give effect to the legislative intent. *Kohanovich v. Youree, supra.* The statute at issue in *Knight* refers to assignment to the employer of any cause of "action in tort" that the employee might have against a third party, should the employee fail to pursue it. Kan. Stat.Ann. § 44–504. In contrast, the Delaware statute, 19 *Del.C.* § 2363(e) states that, "[i]n an action to enforce the liability of a third party, the plaintiff [the employer or his insurance carrier] may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort". Since the proceeds, pursuant to an uninsured motorist policy, for all intents and purposes, represent the damages an uninsured motorist would be required to pay upon adjudication of guilt in a tort action but for his lack of insurance, *Johnson v. Fireman's Fund Ins. Co., supra,* this Court finds such proceeds to be included in the statutory mandate that an employer "may recover *any amount* which the employee or his dependents would be entitled to recover in an action in tort." 19 *Del.C.* § 2363(e).

■ Applying the *Johnson* Court's reasoning that the uninsured motorist carrier is obliged to pay the damages owed by the

---

8. See footnote 1.

9. Kan.Stat.Ann. § 44–504 (1973). *Id.* at 128.
   In pertinent part the statute provides:
   "When the injury or death for which compensation is payable under this act was caused *under circumstances creating a legal liability* against some person other than the employer or any person in the same employ to pay *damages,* the injured workman, his dependents or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by

proper action in a court of competent jurisdiction against such other person.

\* \* \* \* \* \*

"Failure on the part of the injured workman, or the dependents or personal representatives of a deceased workman to bring such action within the time herein specified, shall operate as an assignment to the employer of *any cause of action in tort* which the workman or the dependents or personal representatives of a deceased workman may have against any other party for such injury or death, ..." [Emphasis added].

uninsured tortfeasor, to the language contained in 19 *Del.C.* § 2363(e), which states that an employer may seek reimbursement for *any amount* derived by the injured employee from a tort action, this Court gives effect to the policy underlying that statute without doing any violence to the statutory language of the Delaware Workmen's Compensation Statute. The Kansas statute does not lend itself as readily to such an interpretation.

Finally, this Court notes that a recent New Jersey decision held that an employer was permitted pursuant to statute, N.J. Stat.Ann. § 34:15–40, to exercise a lien on an uninsured motorist award to the extent of workmen's compensation payments. *Montedoro v. Asbury Park,* N.J.Super., App. Div., 174 N.J.Super. 305, 416 A.2d 433 (1980). While the statutory language which the *Montedoro* Court construed was different than Delaware's, this Court finds that case to be instructive inasmuch as the Court in *Montedoro* read the New Jersey statute so as to give effect to the policy underlying the Workmen's Compensation Statute, i.e., to prevent double recovery. *Id.* at 436.

Thus, based on the policy of the workmen's compensation reimbursement provision as expressed in *Travelers Ins. Co. v. E.I. Du Pont De Nemours & Co., supra,* and upon the previously mentioned rule of construction set forth in *Kohanovich v. Youree, supra,* this Court holds that an employer-payor or his workmen's compensation insurer has a right to reimbursement from proceeds received by the employee from his employer's uninsured motorist coverage. Therefore, the State's motion for summary judgment is granted, and the State shall be reimbursed pursuant to 19 *Del.C.* § 2363 upon the submission of an appropriate Order by the State's counsel.

IT IS SO ORDERED.