Charles **HARRIS** and **Antrina Harris,**
**Plaintiffs-Appellants,**

v.

**NEW CASTLE COUNTY,**
**Defendant-Appellee.**

Supreme Court of Delaware.

Submitted: Oct. 1, 1985.
Decided: Aug. 1, 1986.

Michael Weiss (argued) of Kimmel & Spiller, P.A., Wilmington, for plaintiffs-appellants.

Cassandra F. Kaminski (argued) and George B. Heckler of Heckler, Cattie & Phillips, Wilmington, for defendant-appellee.

Before CHRISTIE, C.J., McNEILLY and HORSEY, JJ.

PER CURIAM.

■ In this appeal of a judgment involving workmen's compensation benefits, we are called upon to determine whether an employer's statutory right of reimbursement for compensation benefits paid an injured employee extends to an employee's recovery in a third-party tort suit of uninsured motorist coverage benefits under a policy maintained by his employer.

■ Charles Harris, a New Castle County police officer, recovered workmen's compensation benefits for injuries sustained in a two-party automobile accident while operating a County-owned vehicle in the course of his employment. The County carried uninsured motorist coverage benefits on its vehicle with a policy limit of $25,000. Harris and his wife (hereafter "Harris") also brought a personal injury action against the third-party operator who was found to be uninsured and determined to be at fault for the collision. The County's insurer then tendered to Harris its uninsured motorist policy limits of $25,000 in settlement of the Harrises' third-party tort claim.

Harris then filed a declaratory judgment action against the County seeking a decree prohibiting the County from imposing a workmen's compensation statutory lien upon the sums recovered under the County's uninsured motorist coverage. On cross-motions for summary judgment on undisputed facts, Superior Court granted judgment for the County. The Court ruled that 19 *Del.C.* § 2363 conferred upon the employer-payor of compensation benefits a right of subrogation against uninsured motorist benefits received by an employee under a policy procured by the employer. The Court found the result to be controlled by *State v. Donahue*, Del.Super., 472 A.2d 824 (1983). Harris then docketed this appeal, as a question of first impression before this Court.

In *Donahue*, on a factual record indistinguishable from this case, Superior Court found the legislative intent or policy underlying the present workmen's compensation reimbursement provision, 19 *Del.C.* § 2363, to have been discerned by this Court in *Travelers Ins. Co. v. E.I. du Pont de Nemours and Co.*, Del.Supr., 1 Terry 285, 9 A.2d 88 (1939). In *Travelers*, this Court, in construing a predecessor of § 2363, § 6108, Code of 1935, concluded that the "obvious purpose" of such a statute is that the recipient of compensation benefits "shall not collect both the statutory compensation and also the full damages for the injury...." *Id.* at 90. Applying the rule of construction that underlying legislative intent takes precedence over a literal interpretation of statutory language that arguably supports a contrary result, *Kohanovich v. Youree*, Del.Supr., 147 A.2d 655 (1959), Superior Court rejected Harris' arguments for excluding uninsured motorist benefits from a statutory subrogation lien. We agree and therefore affirm.

The relevant subrogation language of 19 *Del.C.* § 2363 is found in subsection (e), which provides, in pertinent part:

(e) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee ...

would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injury or death only, after deducting the expenses of recovery, shall first reimburse the employer or its workmen's compensation carrier for any amounts paid or payable under the Workmen's Compensation Act....

Harris argues that the first sentence of subsection (e) defines the scope and extent of an employer's subrogation rights against sums recovered in a third-party tort claim. He reasons that uninsured motorist coverage benefits represent a contractual obligation of the employer (or its insurer) and hence does not constitute a tort recovery. *See Allstate Ins. Co. v. Spinelli,* Del.Supr., 443 A.2d 1286 (1982). From this, Harris argues, it follows that the first sentence of section (e), and in particular the words, "in an action in tort," evidences unambiguous legislative intent to exclude uninsured motorist benefits from the ambit of the statute. We disagree.

We find, as did Superior Court, that the decisive language of subsection (e) with respect to the breadth of an employer's right of subrogation is found within the second, rather than the first, sentence of subsection (e). In our view, the first sentence exists to define the measure of damages recoverable by a recipient of workmen's compensation benefits in a suit at law against a third-party tortfeasor. That seems to us to be the plain purpose of the introductory language of subsection (e). So viewed, the words "in an action in tort" cannot be said to define the scope of an employer's right of subrogation.

Subrogation is the subject of the second sentence of subsection (e); and the words "[a]ny recovery" must be taken to intend subrogation to be all-inclusive, that is, to include indirect as well as direct recovery of damages from a third party. Thus, we think Harris misconceives the legislative right of subrogation conferred by the second sentence of subsection (e) by reading into it a limitation that relates to a compensation claimant's measure of damages at law. As we construe section 2363(e), the Legislature has placed no limitation upon an employer's subrogation right of reimbursement for an injured claimant's recovery at law. *See Travelers v. du Pont, supra.*

To adopt a construction of section 2363(e) that would determine subrogation rights on the basis of the nature of the cause of action asserted by the claimant would elevate form over substance. It would also require imputing to the Legislature an intent that the right of subrogation and the bar of double recovery hinge on an analysis of the form of action asserted—contract or tort. We think it clear from the "any recovery" language of subsection (e) that the statutory right of subrogation is not so limited.

We agree with Superior Court's characterization of Harris' recovery: though received from the County's uninsured motorist carrier, the sum involved "represent[s] the damages [the third-party tortfeasor] would be required to pay upon adjudication of guilt in a tort action but for his lack of insurance...." *State v. Donahue, supra* at 829.

The result here reached, based on underlying legislative intent, finds support in other jurisdictions. *Johnson v. Fireman's Fund Ins. Co.,* La.Supr., 425 So.2d 224 (1982); *Montedoro v. Asbury Park,* 174 N.J.Super. 305, 416 A.2d 433 (1980). Decisional law to the contrary finding a statutory lien or right of subrogation not to extend to uninsured motorist coverage benefits, is, in large part, premised upon reasoning or statutory construction with which we disagree. *Knight v. Insurance Co. of North America,* 10th Cir., 647 F.2d 127 (1981); *Merchants Mut. Ins. v. Orthopedic Professional,* 124 N.H. 648, 480 A.2d 840 (1984); *Janzen v. Land O'Lakes, Inc.,* Minn.Supr., 278 N.W.2d 67 (1979); *Horne v. Superior Life Insurance Company,* 203 Va. 282, 123 S.E.2d 401 (1962); *Rhoads v. Automobile Ignition Co.,* 218 Pa.Super. 281, 275 A.2d 846 (1971); *see* 2A Larson,

*Workmen's Compensation Law,* § 71.23 (e) and (i).

    \*      \*      \*      \*      \*      \*

Affirmed.