1 F.3d 1233
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul M. HARMOND, Plaintiff-Appellant,
v.
TEAMSTERS JOINT COUNCIL NO. 83 OF THE VIRGINIA HEALTH AND
WELFARE FUND, Defendant-Appellee.
 No. 92-2043.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 30, 1993.
Decided: August 10, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CA-91-475-2)
 William David Breit, Breit, Drescher & Breit, Norfolk, Virginia, for Appellant.
 Floyd William Kirby, Jr., Manning, Davis & Kirby, Richmond, Virginia, for Appellee.
 Lori M. Moore, Breit, Drescher & Breit, Norfolk, Virginia, for Appellant.
 James D. Davis, Melvin R. Manning, Manning, Davis & Kirby, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and FABER, United States District Judge for the Southern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Paul M. Harmond appeals the district court's grant of summary judgment against him and in favor of Teamsters Joint Council No. 83 of Virginia Health and Welfare Fund (herein "Welfare Fund" or "Fund"). In so ruling the district court held that the Fund was entitled to subrogation of Harmond's uninsured motorist proceeds and that the Trustees' interpretation of the written plan of benefits (herein "Plan") regarding the subrogation provisions was reasonable. Finding no error, we affirm the judgment of the district court in all respects.
 
 
 2
 The Fund is an employee welfare benefit plan as defined in 29 U.S.C. Sec. 1002(2) and a multi-employer plan as defined in 29 U.S.C. Sec. 1002(37)(A). As such it is governed by the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Secs. 1001, et seq. (ERISA), by virtue of 29 U.S.C. Sec. 1003(a). Harmond is an individual participant in the Welfare Fund as defined in 29 U.S.C. Sec. 1002(7).
 
 
 3
 The Welfare Fund is a non-profit organization which provides health and welfare benefits for employees and beneficiaries of employers signatory to labor-management collective bargaining agreements between and among employers and local unions affiliated with the International Brotherhood of Teamsters. The Fund is administered solely by four trustees, two of whom are appointed by the participating local union, and two of whom are appointed by participating employers.
 
 
 4
 Pursuant to the provisions of 29 U.S.C. Sec. 1102, the Trustees have established a plan that specifies the terms and conditions upon which payment of health and welfare claims can be made from the Fund, including provisions pertaining to subrogation of recovery from third-party claims. The subrogation provisions of the Plan relevant to this case are found in section 8.6 which provides:
 
 
 5
 A. Fund's Subrogation Rights. In the event the Fund pays benefits under any Schedule to any Employee, Dependent, or assignee for injuries, expenses, or loss caused by the negligence or wrongful act of a third party, the Fund shall be subrogated for the amount of such payments to all rights of the Employee or dependent against any person, firm, corporation, or other entity as respects such injuries, expenses or loss.
 
 
 6
 B. Assignment of Claim. Prior to payment by the Fund to an Employee, Dependent, or assignee of benefits for injuries, expenses, or loss caused by the wrongful act or negligence of a third party, the Employee or Dependent shall execute a written assignment to the fund of all rights, claims, interest, or causes of action which the Employee or Dependent has against such third party to the extent of such benefits, and further, the Employee or Dependent shall authorize the Fund at the Fund's expense to sue, compromise, or settle in his name or otherwise all such rights, claims, interest, or causes of action to the extent of the benefits paid. In addition, the Employee or Dependent shall covenant that he has not discharged or released any such right, claim, interest, or cause of action against any third party.
 
 
 7
 C. Prosecution of Claim. Pursuant to directions received from the Fund, the Employee or dependent shall assist the Fund in prosecuting any such right, claim, interest, or cause of action against any third party.
 
 
 8
 On May 5, 1989, Harmond sustained injuries in an automobile accident with another vehicle for which he incurred medical expenses in the amount of $66,757.49. Harmond submitted benefit claims for his medical expenses to the Fund. Before the Fund would process Harmond's claims, the Fund required Harmond to sign a document entitled "Subrogation Agreement" which contained language that mirrors the operative language of section 8.6(A) of the Plan and which would entitle the Fund to subrogation of all of Harmond's rights, claims, interests, and causes of action that he may have against "any person, firm, corporation, or other entity in regard to such injuries, expenses or losses." A letter accompanying the Subrogation Agreement purportedly explained the Plan's subrogation provision, but referred only to reimbursement of medical costs that Harmond would obtain from the party responsible for his injuries or the third party's insurance company.
 
 
 9
 Thereafter, having filed a lawsuit against the third-party tortfeasor, an uninsured motorist, Harmond settled the uninsured motorist claim with his insurance carrier for its full policy limits of $100,000. Still attempting to receive a refund from the Fund for the medical expenses while protecting the $100,000 received from his uninsured motorist carrier, Harmond submitted a modified subrogation agreement which limited the Fund's subrogation right to monies collected from the third party tortfeasor. The Fund continued to deny payment to Harmond, contending that it was entitled under the terms of the Plan to a right of subrogation to the proceeds of the uninsured motorist payment which, in essence, entitles Harmond to nothing from the Fund. Harmond, therefore, filed this action under the ERISA civil enforcement provisions.
 
 
 10
 Pursuant to 28 U.S.C. Sec. 636(b)(1)(B), this matter was referred to the magistrate judge to conduct hearings and to submit to the district court proposed recommendations for disposition of the cross-motions for summary judgment filed by the parties. At a hearing held by the magistrate judge, the parties realized that Harmond had not exhausted his administrative remedies by having the Trustees review the Fund's decision to deny Harmond's claim. As part of his efforts to exhaust his non-judicial remedies, Harmond also executed and submitted an unaltered subrogation agreement. The matter was then submitted to the Trustees who determined that the Fund was entitled to be reimbursed from Harmond's uninsured motorist coverage.
 
 
 11
 The magistrate judge reviewed the interpretation of the Plan by the Trustees for abuse of discretion and found none for two reasons. First, section 8.6(A) clearly contemplates a right of subrogation to more than Harmond's claim, if any, against the third-party tortfeasor. The magistrate judge noted that "[w]hile the limits of that right are not clearly spelled out in the Plan, the discretion given to the Trustees requires this Court to defer to their reasonable interpretation of the Plan language." Second, the Trustees' interpretation would promote the fiduciary duties of the Trustees to preserve the Plan assets as well as to pay those claims entitled to coverage. The district court conducted a de novo review, agreed with the Trustees' interpretation, and adopted and approved the magistrate judge's findings and recommendation that summary judgment in favor of the Fund was appropriate.
 
 
 12
 On appeal, Harmond alleges that the district court erred in finding that the Fund was entitled to subrogation of his uninsured motorist coverage. Harmond relies on Virginia insurance statutes and the case of Horne v. Superior Life Insurance Company, 203 Va. 282, 123 S.E.2d 401 (1962), in support of his position.* Harmond further alleges on appeal that the district court erred in its finding that the Trustees' interpretation was not arbitrary and capricious.
 
 
 13
 For the reasons stated in the district court's Order entered July 30, 1992, which adopts the magistrate judge's findings and recommendation set forth by Order dated June 30, 1992, this court affirms the judgment of the district court in all respects.
 
 AFFIRMED
 
 
 *
 Although the magistrate judge found and Harmond agreed below that Virginia law was preempted by 29 U.S.C. Sec. 1144(a), Harmond asserted during oral argument before this court that ERISA's insurance savings clause, 29 U.S.C. Sec. 1144(b)(2)(A), would allow Virginia law to govern. Harmond did not properly raise this issue below or present it in his briefs to the court; therefore, this court declines to review the district court's finding that Virginia law is preempted