WOODBURY COUNTY SOIL CONSER-
VATION DISTRICT, Appellant,

v.

Arnold J. ORTNER, Mary Ann Ortner,
Leo O. Schrank, and Helen E.
Schrank, Appellees.

No. 61866.

Supreme Court of Iowa.

May 30, 1979.

Thomas J. Miller, Atty. Gen., and Michael
Paul Valde, Asst. Atty. Gen., for appellant.

Edward P. Cole, Atlantic, and Jonathan E. Cole, Providence, R.I., for appellees.

LeGRAND, Justice.

This appeal involves a dispute concerning the obligation of landowners to comply with the provisions of ch. 467A, The Code, 1975, commonly referred to as the Soil Conservation Districts Law. The trial court found § 467A.44 of the act, and the section fixing the rules and regulations under which the soil conservation district operates, unconstitutional. We reverse the trial court and remand the case for further proceedings.

The defendants Ortner and Schrank each own farm land in Woodbury County. In 1974, an adjacent landowner, John C. Matt, filed a complaint with the soil conservation district alleging that his farm was suffering damage from water and soil erosion from defendants' land. This complaint was settled by private agreement among the parties, and no formal action was taken by the district.

The following year Matt filed another complaint, alleging similar damage. An investigation made under § 467A.47 resulted in a finding that the soil loss on the Ortner and Schrank farms was in excess of the established statutory limits. The district issued an administrative order finding defendants in violation of the district soil erosion control regulations and requiring them to remedy the situation within six months.

The order offered defendants two alternatives to bring the soil within acceptable limits. They were directed to either seed the land to permanent pasture or hay or to terrace it. Defendants failed to do either within the time allowed by the commission's order and the district brought this action as authorized by § 467A.49, The Code.

Even with state grants which were available through the Department of Soil Conservation to defray part of the cost, terracing would cost the Ortners more than $12,000.00 and the Schranks approximately $1,500.00. There was also testimony that this process would render a number of acres of each farm untillable. The other alternative—pasture or hay seeding—would be less expensive but would also remove some of each farm from active production. The defendants introduced evidence that either alternative would decrease the value of their land, although there was considerable evidence to the contrary.

The trial court held that § 467A.44, The Code, 1975, is unconstitutional. The court hold that this section places an unreasonable burden on the defendants and that it is unduly oppressive. The trial court concluded that the section in question (§ 467A.44) therefore "deprives [defendants] of rights granted by the Fifth and Fourteenth Amendments of the Constitution of the United States and comparable provisions of the state of Iowa."

The two specific issues raised on this appeal are: Did the trial court err in holding § 467A.44 unconstitutional and did the trial court err in finding that the acceptable soil loss limit on the property is ten tons per acre per year? The second of these may be disregarded because the parties admit there is no support in the record for the trial court's finding that the acceptable soil loss is ten tons per acre per year. Actually the testimony shows without dispute that the acceptable loss limit is five tons per acre per year. The Ortners and Schranks concede as much and we give this no further consideration. The only question before us, therefore, is the constitutional one involving both federal and state constitutional provisions.

In considering the constitutionality of legislative enactments, we accord them every presumption of validity and find them unconstitutional only upon a showing that they clearly infringe on constitutional rights and only if every reasonable basis for support is negated. *Bryan v. City of Des Moines*, 261 N.W.2d 685, 687–88 (Iowa 1978); *Chicago Title Insurance Co. v. Huff*, 256 N.W.2d 17, 25 (Iowa 1977); *John R. Grubb, Inc. v. Iowa Housing Finance*, 255 N.W.2d 89, 92–93 (Iowa 1977).

Important to our decision here is a determination as to whether the restrictions

and conditions imposed by ch. 467A, The Code, amount to a taking of property under eminent domain or simply a regulation under the police power of the state. The latter entitles the property owner to no compensation; the former requires that he be paid for the appropriation of his property for public use.

We recognized this distinction in *Hinrichs v. Iowa State Highway Commission*, 260 Iowa 1115, 1126, 152 N.W.2d 248, 255 (1967) as follows:

"Eminent domain" is the taking of private property for a public use for which compensation must be given. On the other hand "Police Power" controls and regulates the use of property for the public good for which no compensation need be made.

■ Even the exercise of police power, however, may amount to a taking if it deprives a property owner of the substantial use and enjoyment of his property. *See Phelps v. Board of Supervisors*, 211 N.W.2d 274, 276 (Iowa 1973). The point at which police power regulation becomes so oppressive that it results in a taking is impossible of general definition and must be determined on the circumstances of each case. *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 124, 98 S.Ct. 2646, 2659, 57 L.Ed.2d 631, 648 (1978); *Iowa Natural Resources Council v. Van Zee*, 261 Iowa 1287, 1294, 158 N.W.2d 111, 116 (1968); *Benschoter v. Hakes*, 232 Iowa 1354, 1361, 8 N.W.2d 481, 485–86 (1943). *See also* 16 Am.Jur.2d, *Constitutional Law*, § 290 (1964).

In *Van Zee* and *Hakes* we stated that the test is whether the "collective benefits [to the public] outweigh the specific restraints imposed [on the individual]." Factors of particular importance include the "economic impact of the regulation on the claimant and, particularly, the extent to which the regulation has interfered with distinct investment backed expectations." To be considered also is the "character of the governmental action." *See Penn Central*, 437 U.S. at 124, 98 S.Ct. at 2659, 57 L.Ed.2d at 648. It is important therefore to consider the nature of the public interest involved and the impact of the restrictions placed on defendants' use of their land by ch. 467A, The Code.

It should take no extended discussion to demonstrate that agriculture is important to the welfare and prosperity of this state. It has been judicially recognized as our leading industry. *See Benschoter v. Hakes*, 232 Iowa at 1360, 8 N.W.2d at 486.

The state has a vital interest in protecting its soil as the greatest of its natural resources, and it has a right to do so. *Iowa Natural Resources Council v. Van Zee*, 261 Iowa at 1297, 158 N.W.2d at 118. This is the purpose of ch. 467A as is apparent from this declaration of purpose contained in § 467A.2:

It is hereby declared to be the policy of the legislature to provide for the restoration and conservation of the soil and soil resources of this state and for the control and prevention of soil erosion and for the prevention of erosion, floodwater, and sediment damages, and thereby to preserve natural resources, control floods, prevent impairment of dams and reservoirs, assist and maintain the navigability of rivers and harbors, preserve wild life, protect the tax base, protect public lands and promote the health, safety and public welfare of the people of this state.

This same subject receives further legislative treatment in § 467A.43 as follows:

To conserve the fertility, general usefulness, and value of the soil and soil resources of this state, and to prevent the injurious effects of soil erosion, it is hereby made the duty of the owners of real property in this state to establish and maintain soil and water conservation practices or erosion control practices, as required by the regulations of the commissioners of the respective soil conservation districts.

Defendants' argument is two-fold. They assert first that the statute amounts to a taking of private property without just compensation. Next, they say the statute is an unreasonable and illegal exercise of the state's police power.

■ We hold defendants have failed to establish § 467A.44 is unconstitutional. Its provisions are reasonably related to carrying out the announced legislative purpose of soil control, admittedly a proper exercise of police power.

■ While this imposes an extra financial burden on defendants, it is one the state has a right to exact. The importance of soil conservation is best illustrated by the state's willingness to pay three-fourths of the cost. In Ortner's case, the state's share is $36,760.50 and in Schrank's it is $4,413.00. The remainder to be paid by defendants ($12,253.50 by Ortner and $1,471.00 by Schrank) is still substantial, but not unreasonably so. A law does not become unconstitutional because it works a hardship. *Chicago Title Insurance Co.*, 256 N.W.2d at 25; *Diamond Auto Sales, Inc. v. Erbe*, 251 Iowa 1330, 1335–36, 105 N.W.2d 650, 652 (1960). The argument that one must make substantial expenditures to comply with regulatory statutes does not raise constitutional barriers. *See Northwestern Laundry v. City of Des Moines*, 239 U.S. 486, 491–92, 36 S.Ct. 206, 208–09, 60 L.Ed. 396, 400–01 (1916).

There is conflicting testimony concerning the effect which either proposal—permanent seeding or terracing—will have on future farming operations, the necessity for additional equipment, the possibility of other alternatives, diminution in farm income, and decrease in value of the land. This is not the kind of clear and compelling evidence necessary as a premise for holding a statute unconstitutional.

■ What we have already said is relevant, too, on defendants' claim the regulations established by the soil conservation district amount to a taking of their property without compensation in violation of the federal and state constitutions.

As we have already pointed out, an exercise of police power may be so sweeping in its scope and so all inclusive in its operation that it becomes a taking rather than a regulation. However, this did not happen here. Defendants still have the use and enjoyment of their property, limited only by the necessity to prevent soil erosion beyond allowable standards.

Each case must be determined on its own facts. Our conclusion on the facts here is that the record does not support the trial court's finding of unconstitutionality. We have reviewed the authorities relied on by defendants and have given particular attention to *Penn Central Transportation Co. v. City of New York*, 437 U.S. at 124, 98 S.Ct. at 2659, 57 L.Ed.2d at 648, where the factors important to deciding if there has been a taking without compensation are discussed. We are unable to agree they help defendants' position.

■ Defendants raise one other objection. They say the statute is invalid because it is designed "solely as a means of furthering the purely private property interests of a very limited class of landowners" rather than for the benefit of the public generally. This is based on § 467A.47 which, they allege, provides for action by the soil conservation district upon the complaint of one damaged by erosion, rather than upon the initiative of the district itself. We believe this argument ignores other sections of the act under which the soil conservation district is authorized to act. *See* § 467A.44(3), under which the commissioners may require owners to act, and § 467A.52, under which, in limited circumstances, they may take independent action. *See also Miller v. Schoene*, 276 U.S. 272, 281, 48 S.Ct. 246, 248, 72 L.Ed. 568, 572 (1928), where a similar provision was held unobjectionable. We find no merit to this complaint.

The judgment of the trial court is reversed and the case is remanded for such other proceedings as may be appropriate.

REVERSED AND REMANDED.

All Justices concur except UHLENHOPP, J., who takes no part.