Lawrence F. COOPER, Relator,

v.

Robert J. YOUNKIN, d/b/a Allied Disposal and Western National Mutual Insurance Company, Respondents.

No. CO–82–911.

Supreme Court of Minnesota.

Nov. 4, 1983.

John D. Mariani, and Jerome E. Kline, Minneapolis, for relator.

Raymond Fitch and Debra A. Wilson, Minneapolis, for respondents.

COYNE, Justice.

By writ of certiorari employee-relator Lawrence F. Cooper seeks review of a decision of the Workers' Compensation Court of Appeals remanding the matter for redetermination of a subrogation credit to the employer. We reverse.

On October 22, 1977, the employee sustained a compensable injury in a collision between his employer's truck, which the employee was driving, and an uninsured motor vehicle. The employer, Allied Disposal, by its insurer, Western National Mutual Insurance Co. (Western National), paid workers' compensation benefits—which aggregated more than $60,000 by March 15, 1982, when the statistician determined a third-party credit pursuant to Minn.Stat. § 176.061, subds. 5 and 6 (1982).

In the interim the employee had settled his claim pursuant to the uninsured motorist coverage afforded by Western National's package policy, which insured the employer's motor vehicles as well as providing workers' compensation insurance. The nature of the damages included in the $40,000 settlement is unspecified.

A sharply divided Workers' Compensation Court of Appeals held that the subrogation provisions of Minn.Stat. § 176.061 (1982) were inapplicable to the proceeds of the contractual claim pursuant to the uninsured motorist coverage but remanded the matter for redetermination of a subrogation credit to the employer equal to the amount by which the employee's recovery of benefits pursuant to the uninsured motorist coverage exceeds his otherwise uncompensated wage loss.

We agree that the subrogation provisions of § 176.061 are inapplicable to the proceeds of the employee's uninsured motorist claim. Minn.Stat. § 176.061, subd. 5 (1982) preserves to the employee, his dependents, or his employer an action against a third-party tortfeasor for damages on account of the employee's injury or death, and § 176.061, subd. 6, provides for allocation of the proceeds between the employee or his dependents and the employer. The subrogation provisions of § 176.061, subds. 5 and 6, apply to damages based on tort liability, not to sums for which the third party is contractually liable. Specifically, § 176.061 (1982) neither creates a right of subrogation in the employer nor prescribes allocation of the proceeds payable pursuant to an insurance contract affording uninsured motorist coverage.[1] *Janzen v. Land O'Lakes, Inc.,* 278 N.W.2d 67 (Minn.1979).

Distinguishing the *Janzen* case on the ground that the claim there arose under Janzen's own insurance policy, the Workers' Compensation Court of Appeals ruled that payment of the premium for the uninsured motorist coverage entitled the employer to subrogation. That Cooper was a beneficiary of the contract (an unnamed additional insured) rather than a contracting party (a named or designated insured) does not convert the insurance proceeds from contract payments to damages. Regardless who pays the premium, uninsured motorist coverage is simply a contract for the payment of a sum measured by the amount of damages which the insured is legally entitled to recover from an uninsured third-party tortfeasor.[2] Hence, under the rule

1. Effective July 1, 1983, the legislature has revised the third-party liability section of the Workers' Compensation Act, Minn.Stat. § 176.061. Included in the revision, as subd. 10 of § 176.061, is the following provision:

Notwithstanding the provisions of chapter 65B or any other law to the contrary, an employer has a right of indemnity for any compensation paid or payable pursuant to this chapter, including temporary total compensation, temporary partial compensation, permanent partial disability, economic recovery compensation, impairment compensation, medical compensation, rehabilitation, death, and permanent total compensation. Ch. 290, § 35, 1983 Minn.Laws.

2. Recovery pursuant to uninsured motorist coverage is subject to the limitation set out in Minn.Stat. § 65B.49, subd. 4(4) (1982):

No recovery shall be permitted under the uninsured motor vehicle provisions of this section for basic economic loss benefits paid

adopted in *Janzen,* the proceeds of the employee's uninsured motorist settlement are not subject to the right of subrogation granted the employer by § 176.061. *See Knight v. Insurance Company of North America,* 647 F.2d 127 (10th Cir.1981) (Kansas law) (proceeds of uninsured motorist coverage, paid for by the employer, were not subject to a subrogation credit because the injury did not occur under "circumstances creating a legal liability * * * to pay damages" under the statute).

Although the manner in which the prescribed credit was to be calculated is not altogether clear to us, it is apparent that the Workers' Compensation Court of Appeals was attempting to fashion a remedy based on equitable principles. Laudable as that motive is, the jurisdiction of the Workers' Compensation Court of Appeals is limited to the construction and application of the Workers' Compensation Act. Minn.Stat. § 175A.01, subd. 2 (1982). Having determined that § 176.061, the only provision in the Workers' Compensation Act for employer subrogation or for allocation of sums payable by third parties, did not apply, the Workers' Compensation Court of Appeals was powerless to apply a remedy of its own devising. *Hemmesch v. Molitor,* 328 N.W.2d 445 (Minn.1983) (jurisdiction of Workers' Compensation Court of Appeals is purely statutory and in absence of subject matter jurisdiction of the Court of Appeals' decision is of no effect).

Finally, the assumption that, except for his otherwise uncompensated wage loss, the proceeds of the settlement of the employee's claim under the uninsured motorist coverage represent a double recovery is not justified on the record before us. The nature of the damages contemplated by the settlement, whether general, special, or some combination thereof, is unspecified. As we noted in the *Janzen* case, *supra,* many considerations enter into settlement negotiations and the amount of a settlement generally represents a compromise: a balance is struck between liability and damages. It may well be that these settlement

or payable, or which would be payable but

proceeds represent to some extent a double recovery, but it seems unlikely that the settlement did not include some payment for those elements of damages, such as pain and suffering, which may not be fully compensated under the Workers' Compensation Act. It is well established that an insured is entitled to full compensation before an insurer is entitled to exercise a right of subrogation. *See Westendorf by Westendorf v. Stasson,* 330 N.W.2d 699 (Minn. 1983). Inasmuch as the actual damages sustained by the employee have not been ascertained, there is no basis for application of the equitable principle of subrogation.

Reversed.

for any applicable deductible.