**Ronald James MARCH and Phyllis March, Appellees,**

v.

**PEKIN INSURANCE COMPANY, Defendant,**

**United States Fidelity & Guaranty Company, Intervenor–Appellant.**

No. 90–95.

Supreme Court of Iowa.

Feb. 20, 1991.

David R. Mason and Mark W. Fransdal of Redfern, Mason, Dieter, Larsen & Moore, Cedar Falls, for appellant.

Thomas L. Staack of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

This appeal stems from the plaintiffs' successful motion to set aside a workers' compensation subrogation lien. The question is whether Iowa Code section 85.22 (1989) gives a workers' compensation insurer the right of subrogation against proceeds derived from an employee's policy of underinsured motorist benefits. The district court held that no such right of subrogation is authorized under the statute. We affirm.

The facts are largely undisputed. Plaintiff Ronald March was seriously injured when his truck was rear-ended by an automobile driven by Laura Soppe. At the time of the accident, March was acting in the course of his employment. His employer maintained workers' compensation insurance with appellant United States Fidelity & Guaranty Company (USF & G). Soppe maintained automobile liability coverage with $20,000 limits. March also maintained a personal automobile insurance policy with the Pekin Insurance Company (Pekin).

This policy provided $300,000 in underinsured motorist benefits.

USF & G paid March $116,458.97 in workers' compensation benefits. March then settled with Soppe for the full amount of her liability insurance. Pursuant to the subrogation provisions of Iowa Code section 85.22,[1] this recovery was surrendered to USF & G in partial satisfaction of its workers' compensation lien, leaving an unsatisfied subrogation interest of $96,458.97.

March next pursued his own insurer, Pekin, for recovery of underinsured motorist benefits. A suit was brought on the insurance contract, and Pekin eventually settled with March for $182,500. USF & G immediately filed a lien against the settlement proceeds, claiming subrogation rights under section 85.22. March moved to set aside the lien on the ground that, under the statute, Pekin did not qualify as a third party against whom USF & G could assert subrogation rights.

The district court sustained March's motion. It vacated the lien, reasoning that the language of section 85.22 grants the workers' compensation carrier a lien with respect to damages recovered from the tortfeasor, but not against proceeds recovered pursuant to contract with the employee's own insurer. It is from this ruling that USF & G appeals.

USF & G contends that the court's interpretation of section 85.22 disregards plain language in the text. It argues that because Pekin is neither March's employer nor coemployee, it must be a "third party" whose obligation to March is the "circumstance creating a legal liability" upon which appellant's subrogation claim rests. *See* Iowa Code § 85.22. This interpretation, argues USF & G, is faithful to the object of the statute recognized years ago by this court: to prevent double recovery by the employee and to furnish indemnity to the workers' compensation provider.

*Black v. Chicago Great W. Ry.*, 187 Iowa 904, 917, 174 N.W. 774, 779 (1919).

We note that the fundamental principle announced in *Black* was recently restated in *Schonberger v. Roberts*, 456 N.W.2d 201, 202 (Iowa 1990). Nevertheless, its value in disposing of the present controversy is limited by two distinguishing factors. First, USF & G can point to no evidence of double recovery in the record before us. Although March's recovery is sizable, the record suggests that settlement with Pekin was reached by estimating March's total damages and deducting therefrom the amount of workers' compensation benefits already paid by USF & G. The difference represents Pekin's liability for the underinsurance benefits March has purchased. This is the formula we approved in *McClure v. Northland Insurance Companies*, 424 N.W.2d 448, 450 (Iowa 1988).

Second, the only right of subrogation discussed in *Black* and *Schonberger* was that stemming from the employee's recovery against the tortfeasor. *Schonberger*, 456 N.W.2d at 202; *Black*, 187 Iowa at 913, 174 N.W. at 775. Here, no one is disputing the fact that USF & G was subrogated to March's recovery from Soppe. The question is whether the right of subrogation extends to recovery from a third party who was not the tortfeasor. This is an issue of first impression in this state.

Many other states have considered the question in connection with subrogation claims asserted against *uninsured* motorist benefits. The majority have held that statutory subrogation based on legal liability for damages caused by a third party does not extend to payments flowing from a contract for uninsurance. *See, e.g., Knight v. Insurance Co. of N. Am.*, 647 F.2d 127, 128 (10th Cir.1981); *Travelers Ins. Co. v. National Farmers Union Property & Cas. Co.*, 252 Ark. 624, 627, 480 S.W.2d 585, 588 (1972); *State Compensation Ins. Fund v. Gulf Ins. Co.*, 628 P.2d

1. The statute provides, in pertinent part:

When an employee receives an injury ... for which compensation is payable under this chapter ... and which injury ... is caused under circumstances creating a legal liability against some person, other than the employee's employer or any employee of such employer as provided in section 85.20 to pay damages, the employee ... may take proceedings against the employer for compensation, and the employee ... may also maintain an action against such third party for damages.

182, 184 (Colo.App.1981); *State Farm Mut. Ins. Co. v. Fireman's Fund Am. Ins. Co.*, 550 S.W.2d 554, 557 (Ky.1977); *Cooper v. Younkin*, 339 N.W.2d 552, 553 (Minn.1983); *Janzen v. Land O'Lakes, Inc.*, 278 N.W.2d 67, 69 (Minn.1979); *Merchants Mut. Ins. Group v. Orthopedic Professional Ass'n*, 124 N.H. 648, 657–59, 480 A.2d 840, 845–46 (1984); 2A A. Larson, *Workmens' Compensation Law* § 71.23(a), at 14–22 (1990). A minority view holds that uninsured motorist benefits are merely a contractual substitute for funds that would have been available if the tortfeasor had been insured. *See Harris v. New Castle County*, 513 A.2d 1307, 1309 (Del.1986); *Midland Ins. Co. v. Colatrella*, 102 N.J. 612, 618, 510 A.2d 30, 32 (1986); *Johnson v. Fireman's Fund Ins. Co.*, 425 So.2d 224, 227 (La.1982). For the reasons that follow, we find the majority view more persuasive, particularly when applied to receipt of *underinsured* motorist benefits.

We begin our analysis by examining the language used by the legislature in section 85.22 to define the liability running from the third party to the employee. First, payment by the third party is subject to the lien only if the employee's injury is "*caused* under circumstances creating a legal liability against" the third party. Iowa Code § 85.22 (emphasis added). This notion of causation sounds in tort, not contract. *See Knight*, 647 F.2d at 128. Second, under section 85.22 the third party must be liable for "damages," a term customarily associated with a tort action. *See* Black's Law Dictionary 352 (5th ed. 1979) (defining damages as "[a] sum of money awarded to a person injured by the tort of another"); *State Farm*, 550 S.W.2d at 557; *Janzen*, 278 N.W.2d at 69. Although Pekin's obligation to March is *measured* by the damages wrought by the tortfeasor, Pekin's payment to March is not thereby transformed from a contractual payment to one for damages. *Cooper*, 339 N.W.2d at 553.

The language of section 85.22(5), which defines a third party for subrogation purposes, also reinforces this tort concept. Under that subsection, "damages" is defined as "any payment made unto an in-jured party ... by ... any third party ... liable for, connected with, or involved in *causing* an injury to such employee...." Iowa Code § 85.22(5) (emphasis added). Clearly, Pekin had nothing to do with causing March's injuries. Pekin's liability to March stems solely from the fact that neither the tortfeasor's nor the employer's insurance fully compensate him. This analysis is consistent with our prior interpretation of the legislative intent behind section 85.22. *See Johnson v. Harlan Community School Dist.*, 427 N.W.2d 460, 462 (Iowa 1988) (purpose of section 85.22 is to permit employer to recoup monies from "a tortious third party whose conduct has produced the injury which necessitated such payments"); *accord Schonberger*, 456 N.W.2d at 202 (section 85.22 applies to "recoveries realized by the worker in tort actions").

The result we reach is also compelled by another provision of the workers' compensation statute, section 85.54. That section provides that no employee shall be required to "pay any premium or premiums for insurance against the compensation provided for in this chapter." Iowa Code § 85.54. Any device used by an employer to achieve such a result shall be null and void. *Id.* March privately purchased the insurance coverage USF & G now seeks to attach. By claiming a right of subrogation against these proceeds, USF & G is effectively seeking reimbursement for benefits March's employer is obligated by statute to furnish. Mindful of our duty to harmonize related statutes, we will not read section 85.22 to contravene the import of section 85.54 in this way.

In summary, we hold that the subrogation lien of Iowa Code section 85.22 does not extend to underinsured motorist benefits received by the employee pursuant to a privately owned contract of insurance. The district court was correct in so ruling. We affirm.

AFFIRMED.