Raymond D. BERGER and Dennis M. Buchmeyer, Appellants,

v.

IOWA FINANCE AUTHORITY, Title Guaranty Division, Appellee.

No. 97–1696.

Supreme Court of Iowa.

April 28, 1999.

Richard A. Davidson of Lane & Waterman, Davenport, for appellants.

Stanley J. Thompson and Sharon K. Malheiro of Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, for appellee.

NEUMAN, Justice.

This appeal concerns the Iowa Title Guaranty Program and, in particular, that portion of Iowa Code section 16.91(5) (1997) which exempts "participating" attorneys from the forty-year title plant (or "tract index") requirement imposed upon abstractors. The question is whether the court, on judicial review from agency action by the Iowa Finance Authority, correctly determined that the exemption is limited to the county where an attorney performed abstracting when first granted the exemption. By its ruling, appellants Raymond D. Berger and Dennis M. Buchmeyer have been prevented from extending their abstracting services from Scott to Linn County. The Iowa Finance Authority cross-appeals the court's further decision that the agency could not revoke the attorneys' authority to abstract in *Scott* County without remand for a contested case hearing. We reverse on the appeal and affirm on the cross-appeal.

## I. Background Facts and Proceedings.

Appellants Berger and Buchmeyer are licensed Iowa attorneys. Since 1982 they have been preparing abstracts in Scott County, Iowa, through their business, Service Abstract Company. Appellee, the Title Guaranty Division of the Iowa Finance Authority, was organized in 1985 to administer the Iowa Title Guaranty Program. The division issues title guaranty certificates, Iowa's equivalent to title insurance.

Iowa Code section 16.91 governs the title guaranty program. Pertinent to this controversy, subsection (5) regulates the program participation of abstractors and attorneys as follows:

> [E]ach participating abstractor is required to own or lease, and maintain and use in the preparation of abstracts, an up-to-date abstract title plant including tract indices for real estate for each county in which abstracts are prepared for real property titles guaranteed by the division. The tract indices shall contain a reference to all instruments affecting the real estate which are recorded in the office of the county recorder, and shall commence not less than forty years prior to the date the abstractor commences participation in the title guaranty program. *However, a participating attorney providing abstract services continuously from November 12, 1986, to the date of application, either personally or through persons under the attorney's supervision and control is exempt from the requirements of this paragraph.*

Iowa Code § 16.91(5) (emphasis added). Both Berger and Buchmeyer were "participating attorneys" in the program from its inception in March 1987. Berger also became a "participating abstractor" in the program in April 1987 pursuant to an agreement signed by the division director which expressly waives the forty-year title plant requirement based on his participating-attorney status.

This controversy arose over Service Abstract Company's desire to expand its business from Scott County to Linn County. By letter, the division advised that it would not accept abstracts prepared by Service Abstract for Linn County property. It took the position that Berger and Buchmeyer's exemption from the forty-year title plant requirement applied only to Scott County, the origin of their abstracting business.

Following an exchange of correspondence between appellants' counsel and the division,

the appellants filed a petition for declaratory ruling with the division. The petition sought a ruling that Berger and Buchmeyer were "participating abstractors" exempt from the forty-year title plant requirement pursuant to Iowa Code section 16.91(5), and that abstracts of title prepared through Service Abstract Company for property in Scott and Linn counties were qualified for issuance of title guaranty certificates by the division. While the proceedings were pending, the division discovered that Berger and Buchmeyer had failed to pay the annual ten dollar administrative fee to keep their attorney-participation agreements in force since 1991. This had evidently not prevented the division, however, from issuing guaranty certificates on abstracting performed by appellants for Scott County properties in the interim. Appellants were reinstated by the division as participating attorneys on July 8, 1996.

By decision dated November 18, 1996, the division ruled that even if appellants had prepared abstracts in Scott County since before November 12, 1986, this did not make them eligible for exemption from the forty-year title plant requirement for abstracting in Linn County. Moreover, the division ruled, the appellants had not proven continuous abstracting from November 1986 to retain their eligibility for the tract-index exemption in Scott County. The division thus concluded Berger and Buchmeyer "are not authorized to abstract in either Scott or Linn County, Iowa, for Title Guaranty purposes."

Appellants sought judicial review of the division's ruling in accordance with Iowa Code chapter 17A. The district court ruled that although Iowa Code section 16.91(5) contains no explicit language limiting an attorney's exemption from the tract-index requirement to the county in which the attorney was abstracting in November 1986, it believed the limitation could be inferred from the statute's county-based limitation imposed upon non-lawyer abstractors. As for Berger and Buchmeyer's eligibility to abstract in *Scott* County, the court determined the agency could not, consistent with due process, revoke their authority to do so without a contested case proceeding. It reversed and remanded the case to the Title Guaranty Division for that purpose. This appeal by Berger and Buchmeyer, and cross-appeal by the division, followed.

## II. Scope of Review.

On an appeal from judicial review of agency action under Iowa Code section 17A.20, our review is limited to determining whether the district court correctly applied the law. *Arora v. Iowa Bd. of Med. Exam'rs*, 564 N.W.2d 4, 6 (Iowa 1997). We may give weight to an agency's interpretation of the statutes it administers, but we are not bound by the agency's legal conclusions and are obliged to correct the misapplication of law. *Stroup v. Reno*, 530 N.W.2d 441, 443 (Iowa 1995).

## III. Issues on Appeal.

A. *Statutory interpretation.* The district court held that the attorney exemption from the forty-year title plant requirement applies only to "then-practicing abstractors and attorneys in the county where they are currently abstracting." Appellants contend on appeal that the court—as well as the agency before it—misinterpreted the plain and unambiguous text of Iowa Code section 16.91(5). We agree.

By its terms, section 16.91(5) requires participating abstractors to "own or lease, and maintain and use" an up-to-date tract index for "*each* county in which abstracts are prepared for real property titles guaranteed by the division." (Emphasis added.) The statute then outlines the specific requirements for the tract index. *See* Iowa Code § 16.91(5). The very next provision exempts qualified attorneys and those persons abstracting "under the attorney's supervision and control" from the tract index requirement first described. *Id.* Unlike the tract index requirement imposed on non-lawyer abstractors, however, the exemption for participating attorneys contains no county-based limitation.

It is axiomatic that legislative intent is shown by what the legislature said, rather than what it should or might have said. The division nevertheless urges us to read into section 16.91(5) a restriction limiting attor-

neys from providing abstract services (without a tract index) in all but those counties in which the attorney abstracted in 1986. It claims the legislature intended such a geographic limit to ensure the lawyer's familiarity with the land titles in question, thereby minimizing the potential for error.

We question the division's reasoning on this point, unable to understand why a lawyer competent to perform abstracting in one county would not be equally competent to perform the task in another. But even if we accepted the division's premise, we could not escape the fact that the geographic limitation it seeks appears nowhere in the statute. We may not, under the guise of construction, enlarge or amend a statute as adopted by the legislature. *Carolan v. Hill*, 553 N.W.2d 882, 887 (Iowa 1996). Nor, when language used is plain and unambiguous, may we speculate about legislative intent apart from statutory wording. *Id.*; *Marcus v. Young*, 538 N.W.2d 285, 289 (Iowa 1995).

Applying section 16.91(5) according to its terms, we hold the forty-year tract index exemption for participating attorneys has no county-based geographic limit. The district court's contrary reading of the statute must be reversed.

B. *Contested case proceeding.* When asked for a declaratory ruling that Berger and Buchmeyer could expand their abstracting business to Linn County, the division not only interpreted section 16.91(5) to prevent the expansion, it revoked the lawyers' eligibility to abstract in *Scott* County. Its action rested on a finding that the lawyers had furnished insufficient proof of continuous abstracting there since 1986, largely because of the lapse in their attorney participation agreements. The district court reversed the agency on this ground. It concluded Berger and Buchmeyer have a constitutionally protected liberty interest in continued employment as abstractors that could not be summarily revoked without an evidentiary hearing. The agency contests that conclusion on appeal, complaining the lawyers never sought a contested case hearing and, moreover, were never entitled to one.

The division begins by arguing that appellants sought a declaratory ruling and received one, thus precluding their right to now claim—or the district court's authority to order—a contested case proceeding. The division's "waiver" argument, however, rests on a faulty premise. Berger and Buchmeyer sought a narrow declaratory ruling on the agency's interpretation of a statute governing the future expansion of their business. That is the purpose of the declaratory ruling procedure authorized by section 17A.19. *See Women Aware v. Reagen*, 331 N.W.2d 88, 92 (Iowa 1983) (declaratory procedure "permits persons to seek formal opinions on the effect of future transactions and arrange their affairs accordingly"); *City of Des Moines v. Public Employment Relations Bd.*, 275 N.W.2d 753, 758 (Iowa 1979) (same). When the division's ruling went beyond clarifying the statute, however, the nature of the action changed. Thus, as we said in *Sindlinger v. Iowa State Board of Regents*, 503 N.W.2d 387, 389 (Iowa 1993),

> [w]e may not ... begin our analysis with the conclusion that the challenged activity is "other agency action" and thereby eliminate petitioner's right to a contested case hearing. We must approach the issue from the opposite direction.

Ordinarily a license cannot be revoked without a contested case proceeding. By definition, "contested case" means an administrative proceeding involving "licensing in which the legal rights, duties or privileges of a party are required by Constitution or statute to be determined by an agency after an opportunity for an evidentiary hearing." Iowa Code § 17A.2(5). A license is defined by statute as "the whole or a part of any agency permit, certificate, approval, registration, charter, or similar form of permission required by statute." Iowa Code § 17A.2(6). Iowa Code section 17A.18(3) governs the "revocation, suspension, annulment or withdrawal" of licenses, in whole or in part, by agencies charged with their issuance.

As already explained earlier in this opinion, attorney and abstractor eligibility to participate in the title guaranty program is expressly governed by section 16.91. Eligibility is restricted to those abstractors and

attorneys who pay the required annual fee, furnish proof of professional liability insurance coverage, own or lease and maintain a forty-year tract index (or establish exemption therefrom), and certify abstracts and title opinions in accordance with the statute and its implementing rules. *See* Iowa Code §§ 16.91(4), (5), (6); Iowa Admin. Code r. 265—9.12 (1991) (participating attorneys act as limited agents for division for sole purpose of issuing title guaranty certificates subject to administrative rules and applicable law).

Clearly Berger and Buchmeyer's authority to participate in the title guaranty program depends on the permission, *i.e.*, license, granted them by the Title Guaranty division. We reject the division's argument to the contrary. Given the scope and economic significance of the title guaranty program in Iowa, the importance of a lawyer's eligibility to participate should not be underestimated. A recent report by the division director to the . Iowa General Assembly disclosed that "three-fourths of the Iowa lenders selling residential loans on the secondary market used Title Guaranty," generating more than $3 million in premiums for 1998 with a coverage amount on all certificates issued exceeding $2.5 billion. *Title Guaranty Report*, Iowa Lawyer, March 1999, at 11, 11.

Iowa's Administrative Procedure Act provides that no license revocation is lawful unless

> prior to the institution of agency proceedings, the agency gave written, timely notice by personal service as in civil actions or by restricted certified mail to the licensee of facts or conduct and the provisions of law which warrant the intended action, and the licensee was given an opportunity to show, in an evidentiary hearing conducted according to the provisions of this chapter for contested cases, compliance with all lawful requirements for the retention of the license.

Iowa Code § 17A.18(3); *see also* Iowa Admin. Code r. 265—9.23. The record before us plainly reveals that the division's licensing action occurred without the required notice to Berger or Buchmeyer, or the opportunity for an evidentiary hearing concerning their compliance with section 16.91's requirements. It is important to consider the factual dispute at issue here. Berger and Buchmeyer's participating attorney agreements lapsed for nonpayment of an annual fee but were reinstated prior to the division's ruling. The division, while conceding the lawyers' participant status, speculated that the lapse might have some bearing on their assertion that they had been abstracting continuously since November 1986, in keeping with the section 16.91(5) exemption.

Although the division insists it invited appellants to address its board informally on this question, the nature of the controversy required a more formal process. *See Citizens' Aide/Ombudsman v. Rolfes*, 454 N.W.2d 815, 818 (Iowa 1990) (defining evidentiary hearing). The division evidently rejected Berger's affidavits as "conclusory" and embarked on its own evaluation of his practice without affording him an opportunity to challenge its conclusions. Thus the facts surrounding Berger and Buchmeyer's ongoing eligibility as attorney-abstractors under section 16.91(5) were disputed, a circumstance rendering the division unable to dispense with the hearing requirement. Iowa Code § 17A.18(3); *cf. Allegre v. Iowa State Bd. of Regents*, 349 N.W.2d 112, 115–16 (Iowa 1984) (no hearing necessary where no relevant factual dispute exists between agency and party).

Because the division's licensing action rested on unlawful procedure in violation of statutory provisions, the district court committed no error by invalidating it. *See* Iowa Code § 17A.19(8) (authorizing reviewing court to reverse agency action if petitioner's substantial rights have been prejudiced by unlawful action). We therefore affirm that portion of the district court's ruling which reversed the division's revocation of Berger and Buchmeyer's authority to abstract for title guaranty purposes in Scott County, Iowa, including remand to the division for the contested case proceedings to which appellants are entitled.

**REVERSED ON APPEAL AND AFFIRMED ON CROSS–APPEAL.**