Jeffrey SEEMAN and Mischelle Seeman, Appellants,

v.

**IOWA DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 98–1226.

Supreme Court of Iowa.

Dec. 22, 1999.

Gary J. Shea of Shea Law Offices, Cedar Rapids, for appellants.

Thomas J. Miller, Attorney General, and Stephen C. Robinson, Assistant Attorney General, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

NEUMAN, Justice.

The question in this declaratory judgment action is whether the lien for Medicaid payments authorized by Iowa Code section 249A.6 (1997) may be enforced against uninsured motorist benefits recovered by an injured party. The district court ruled that the statutory term "third party" includes the injured party's own insurance carrier. Appellants contend the district court read section 249A.6 too broadly and, as so interpreted, the statute is unconstitutional. We affirm the judgment of the district court.

The facts are not disputed. Plaintiffs, Jeffrey and Mischelle Seeman, sustained severe and permanent injuries when the motorcycle they were riding was hit by an uninsured and insolvent motorist. At the time of the accident, the Seemans were insured by American Family Insurance Company. Their motorcycle policy provided uninsured motorist coverage of $100,000 per insured for "compensatory damages for bodily injury" caused by an uninsured driver. Seemans' policy provided no coverage, however, for medical expenses, including ambulance, hospital, physician or nursing services. Nor did the Seemans carry any other health or hospitalization insurance.

Defendant, Iowa Department of Human Services (DHS), administers federal Medicaid funds for the medically needy through Iowa's "Medical Assistance Act." *See generally* 42 U.S.C. § 1396a; Iowa Code ch. 249A. Pursuant to the act, DHS paid medical expenses totaling $11,688.44 for Jeffrey and $9116.43 for Mischelle. The agency thereafter filed a lien for these Medicaid payments in accordance with Iowa Code section 249A.6. *See* 42 U.S.C. § 1396a(a)(25)(A) (requiring state plans for medical assistance to seek reimbursement from liable third parties). Section 249A.6 provides, in pertinent part:

1. When payment is made by the department for medical care or expenses through the medical assistance program on behalf of a recipient, the department shall have a lien, to the extent of those payments, upon all monetary claims which the recipient may have against third parties. . . . A settlement, award, or judgment structured in any manner not to include medical expenses or an action brought by a recipient or on behalf of a recipient which fails to state a claim for recovery of medical expenses does not defeat the department's lien if there is any recovery on the recipient's claim.

. . . .

5. For purposes of this section the term *"third party"* includes an attorney,

individual, institution, corporation, or public or private agency which is or may be liable to pay part or all of the medical costs incurred as a result of injury, disease or disability by or on behalf of an applicant for or recipient of assistance under the medical assistance program.

6. The department may enforce its lien by a civil action against any liable third party.

Seemans eventually settled with American Family for the full value of their uninsured motorist coverage, $200,000. The settlement included a provision requiring escrow of the Medicaid payments advanced by DHS pending resolution of this declaratory judgment action.

Seemans argued before the district court, and urge on appeal, that the legislature surely did not intend the lien of section 249A.6 to attach to proceeds recovered from an injured party's own uninsured motorist insurance carrier. They insist that neither the word "liable" nor the term "third party" customarily refers to a first-party insurer obligated to its insured by contract. The district court rejected these arguments, ruling that the plain language of the statute authorizes a lien against the insurance proceeds at issue here. The court further rejected the equitable apportionment of attorney fees proposed by Seemans in favor of the statutory formula set forth in Iowa Code section 249A.6(4). Finally, the court summarily rejected Seemans' claims that this statutory scheme, as so construed by the court, violates the equal protection, due process, takings, and contracts clauses of the United States and Iowa constitutions. This appeal by Seemans followed.

## I. Scope of Review.

■ When the facts are not in dispute, our review in a declaratory judgment action is for the correction of errors at law. *Shelter Gen. Ins. Co. v. Lincoln,* 590

N.W.2d 726, 728 (Iowa 1999). We review constitutional issues de novo. *Id.*

## II. Issues on Appeal.

■ A. *Statutory interpretation.* Seemans' challenge to the district court's interpretation of section 249A.6 is premised on the fact that their insurance contract with American Family provides no direct coverage for medical expenses. The insurer's only contractual obligation to Seemans, they stress, arises from the company's *contingent* liability for bodily injuries sustained in accidents with uninsured third-party tortfeasors. *Those* tortfeasors-not first-party insurers—Seemans argue, are the third parties to whom the lien of section 249A.6 logically applies.

■ DHS counters that section 249A.6 makes no distinction between monetary claims settled with an insured's own insurance carrier, and monetary claims recovered against a negligent tortfeasor. We have to agree. Section 249A.6(5) broadly defines "third party" to include a corporation "liable to pay part or all of the medical costs incurred ... by or on behalf of [a Medicaid recipient]." The word "liable" means "bound or obligated according to law or equity ... answerable." *Stroup v. Reno,* 530 N.W.2d 441, 444 (Iowa 1995) (quoting Webster's Third New Int'l Dictionary 1302 (1976); Black's Law Dictionary 915 (6th ed.1990)). It appears undisputed that American Family is obligated to Seemans under the terms of its insurance contract with them. Whether its liability is direct or contingent seems to us immaterial insofar as the lien of section 249A.6 is concerned.

■ Section 249A.6's broad definition of third party mirrors the federal statute it is designed to implement. *See* 42 U.S.C. § 1396a(a)(25)(A) (requiring states to take "all reasonable measures to ascertain the legal liability of third parties (*including health insurers*)" (emphasis added)); *accord* 42 U.S.C. § 1396a(a)(25)(A) (Supp.1999) (requiring

reasonable measures to ascertain "legal liability of third parties (*including health insurers, group health plans, ... service benefit plans, and health maintenance organizations*)" (emphasis added)). It is true that the federal statute highlights potential reimbursement from health plans, as opposed to other insurance proceeds. But we have long recognized that the Iowa legislature acts as its own lexicographer. *Cowman v. Hansen,* 250 Iowa 358, 363, 92 N.W.2d 682, 684–85 (1958). Its definition of "third party" is not for us to question. *See id.* at 363–64, 92 N.W.2d at 685. Barring constitutional infirmities, our mandate is to enforce statutes as they are written. *Goodell v. Humboldt County,* 575 N.W.2d 486, 493 (Iowa 1998); *Darrow v. Quaker Oats Co.,* 570 N.W.2d 649, 651 (Iowa 1997). By defining "third party" broadly the legislature has enlarged the pool of resources from which reimbursement for Medicaid payments may be sought. It is surely within the legislature's prerogative to do so. *Cf. State ex rel. Miller v. Philip Morris, Inc.,* 577 N.W.2d 401, 405 (Iowa 1998) (section 249A.6(1) represents legislative response to common law rule that recognized no obligation by public aid recipients to reimburse the public fisc).

Seemans concede that the state has a legitimate interest in protecting its Medicaid resources from expenses generated by uninsured tortfeasors. They nevertheless contend that the state must look to the tortfeasor, not the injured parties or their private insurance carriers, for reimbursement. They rely heavily for this proposition on our decision in *March v. Pekin Insurance Co.,* 465 N.W.2d 852 (Iowa 1991). Seemans' reliance on *March,* however, is misplaced.

*March* involved an attempt by a workers' compensation insurance carrier to assert a lien under Iowa Code section 85.22 against proceeds recovered by the injured worker from his underinsured motorist insurer. March moved to set aside the lien on the ground that, under the statute, the underinsured insurance carrier did not

qualify as a "third party" for subrogation purposes. *March,* 465 N.W.2d at 853. We affirmed the district court's refusal to enforce the lien. *Id.* Crucial to our decision was the "causation" language used by the legislature in section 85.22. It sounded in tort, not in contract, thereby leading us to conclude that the right of subrogation applied only to proceeds recovered from a tortfeasor. *Id.* at 854. We also noted that the statutory scheme at work in *March* prevented the workers' compensation carrier from contravening the legislative intent to place the burden of coverage on the employer, not the injured worker. *Id.*

■ The legislative limits that led us to reject the lien against underinsured motorist proceeds in the workers' compensation context of *March* is nowhere apparent in the Medicaid reimbursement scheme before us. The language establishing the lien of section 249A.6 is broadly applicable to recoveries of medical expenses whether from the tortfeasor or the aid recipient's own insurance carrier. The district court was correct in so ruling.

■ B. *Attorney fees.* As amended in 1993, section 249A.6 grants DHS a lien, instead of a subrogation right, against monetary recoveries from third parties. *State ex rel. Miller,* 577 N.W.2d at 405. The statute then apportions any settlement subject to the lien among the injured party, his or her attorney, and DHS as follows:

> If a recipient of assistance through the medical assistance program incurs the obligation to pay attorney fees and court costs for the purpose of enforcing a monetary claim upon which the department has a lien under this section, upon the receipt of the judgment or settlement of the total claim, of which the lien for medical assistance payments is a part, the court costs and reasonable attorney fees shall first be deducted from this total judgment or settlement. One-third of the remaining balance shall then be deducted and paid to the recipi-

> ent. From the remaining balance, the lien of the department shall be paid. Any amount remaining shall be paid to the recipient. . . .

Iowa Code § 249A.6(4). Seemans claim that where, as here, the injured parties' insurance proceeds are insufficient to make them whole, equitable subrogation principles should prevail over the statutory lien language. They claim it is inequitable for DHS to recoup 100% of its loss, particularly when the recovery comes not from a tortfeasor but from insurance purchased with the injured parties' own funds.

■ We have already explained that, by its terms, the lien of section 249A.6(1) applies to proceeds for medical expenses whether recovered from a tortfeasor or an injured party's own insurance carrier. As for the apportionment of those proceeds, it is for the legislature to determine the fairness of any statutory formula. We, in turn, are bound by what the legislature says, rather than what it should or might have said. *Berger v. Iowa Fin. Auth.,* 593 N.W.2d 136, 138 (Iowa 1999).

Contrary to Seemans' contention, we believe the three-way split of section 249A.6(4) demonstrates the legislature's intent to achieve fairness, rather than wholeness for the injured party, in a situation where medical expenses are, in the first instance, paid not by the injured person but by the State. The statute enforces a sharing of those financial responsibilities. Applied to the facts before us, for example, the statute would first reduce Jeffrey's $100,000 settlement by his attorney's contingent fee and costs, presumed to be roughly one-third or $33,333.33. One-third of the remaining sum ($66,666.66) would be initially allocated to Jeffrey ($22,222.22). Out of the remaining $44,444.45, DHS would be entitled to its lien of $11,688.44. This leaves a balance of $32,756.01 returnable to Jeffrey which, along with his initial one-third, brings his total under the formula to $54,978.23.

The assignment of error is without merit.

C. *Constitutional claims.* By amended petition, Seemans claimed any lien created by section 249A.6 which serves to reduce their recovery of uninsured motorist benefits violates several provisions of our federal and state constitutions. The district court summarily rejected these contentions without discussion. Seemans renew them on appeal. Given their limited merit, we address them only briefly.

 Seemans begin by claiming that section 249A.6 violates the equal protection guarantees of the Fourteenth Amendment of the United States Constitution and article I, section 6 of the Iowa Constitution "by creating a statutory classification that treats policyholders with U/M coverage differently than victims with other types of property." Seemans evidently misperceive the nature of the constitutional protection they assert. "No equal protection violation occurs 'if the challenged law operates equally upon those persons or classes of persons intended to be affected by [the legislation].' " *Darrow,* 570 N.W.2d at 652 (quoting *Lockray v. State,* 495 N.W.2d 754, 756 (Iowa 1993)). Within the class of persons benefitting from medical assistance under chapter 249A, all are subject to threshold eligibility requirements regarding available assets. *See* Iowa Code § 249A.3. All those who qualify are similarly treated with respect to the lien of section 249A.6 which applies, not just to uninsured motorist proceeds, but to all monetary claims held by aid recipients against third parties. Because the Medical Assistance Act is purely a creature of statute, the legislature retains the prerogative to fix conditions under which the act's benefits may be obtained. *Darrow,* 570 N.W.2d at 652.

 Seemans next contend section 249A.6 violates their right to freely contract with their insurer, in violation of article I, section 10 of the United States Constitution and article 1, section 21 of the Iowa Constitution. They claim "the right of insurance companies and policyholders to contract for U/M coverage is substantially impaired when a state lien is allowed to attach to the proceeds of a U/M policy." The claim is entirely without merit. This record reveals no interference between Seemans and American Family. *See CMC Real Estate Corp. v. Iowa Dep't of Transp.,* 475 N.W.2d 166, 172 (Iowa 1991) ("The threshold inquiry is whether the state law has, in fact, operated as the substantial impairment of a contractual relationship."). In fact, Seemans successfully recovered the full sum due them under the uninsured motorist endorsement of their motorcycle policy. The State simply attached a portion of those proceeds, pursuant to statute, to reimburse the public for the medical assistance enjoyed by Seemans. The district court rightly rejected this claim.

 Finally, Seemans contend the attachment of a lien to their uninsured motorist proceeds deprives them of property without due process of law and constitutes a taking for public use without just compensation. *See* U.S. Const. amend. V; Iowa Const. art. I, § 8. Evidently Seemans believe their alleged loss comes within the realm of eminent domain-"the taking of private property for public use for which compensation must be given." *Woodbury County Soil Conservation Dist. v. Ortner,* 279 N.W.2d 276, 278 (Iowa 1979) (quoting *Hinrichs v. Iowa State Highway Comm'n,* 260 Iowa 1115, 1126, 152 N.W.2d 248, 255 (1967)). They claim the reimbursement scheme of section 249A.6 does not benefit the public because "[i]t is for the use of the negligent tortfeasor ... from whom the state cannot recover." In effect they are seeking dollar-for-dollar compensation for the "taking" of their uninsured motorist benefits to satisfy the lien of section 249A.6.

 Seemans seem to overlook the fact they received equivalent value for medical services in exchange for the "reduction" in their recovery from American Family.

Moreover, the regulation at issue here—if a "taking" at all—falls more in the realm of police power exercised for the public good, which requires no compensation to the property owner unless the regulation deprives the owner of the property's use and enjoyment in a substantial way. *Easter Lake Estates, Inc. v. Polk County*, 444 N.W.2d 72, 76 (Iowa 1989); *Woodbury County*, 279 N.W.2d at 278. Given the benefit received by Seemans under chapter 249A, the record does not sustain a claim for a compensable regulatory taking.

When we are asked to address the constitutionality of a legislative enactment, we are obliged to accord it every presumption of validity, upsetting it only upon proof that the act clearly infringes constitutional rights and then only if every reasonable basis for support is negated. *Woodbury County*, 279 N.W.2d at 277. Our review of section 249A.6, as applied to the facts before us, leaves us far short of that exacting standard.

We therefore affirm the declaratory judgment for DHS entered by the district court.

**AFFIRMED.**