**STATE of Delaware, Appellant,**

v.

**Theodore CALHOUN, Appellee.**

Supreme Court of Delaware.

Submitted: Nov. 2, 1993.
Decided: Dec. 14, 1993.

Sean A. Dolan, Tybout, Redfearn & Pell, Wilmington, for appellant.

Brian P. Murphy, Middletown, for appellee.

Before VEASEY, C.J., WALSH and HOLLAND, JJ.

WALSH, Justice:

In this interlocutory appeal, we review a Superior Court decision which determined that a State of Delaware employee's workers' compensation benefits could not be offset by disability benefits received under the State Pension Plan. We conclude that the two benefit plans serve separate purposes and, as a matter of legislative intent, retirement disability benefits may not be credited against an award of workers' compensation benefits. Accordingly, we affirm.

## I

The underlying facts are undisputed. In December, 1984, the appellee, Theodore Calhoun ("Calhoun"), was injured in a motor vehicle accident in the course of his employment with the State of Delaware Department of Transportation ("the State"). His injuries eventually required that he retire on a disability pension under the provisions of 29 *Del.C.* § 5524.[1] His retirement became effective September 1, 1987.

In the meantime, Calhoun had pursued other claims for his injuries. He obtained a recovery from a third-party tortfeasor responsible for the work-related accident. Calhoun also filed a claim for workers' compensation which resulted in a monthly award of temporary total disability benefits. When Calhoun effected his recovery against the tortfeasor, he reimbursed the State for the amount previously received as workers' compensation benefits, as required by 19 *Del.C.* § 2363(e).[2] This amount totaled $50,877.

Upon Calhoun's disability retirement on September 1, 1987, the State claimed a further credit against future workers' compensation benefits. It sought to offset Calhoun's disability retirement benefits, calculated monthly but equaling $76.81 per week, against the $221.12 weekly payment of workers' compensation. Calhoun petitioned the Industrial Accident Board ("Board") for the

---

1. **§ 5524. Eligibility for disability pension.**

    (a) An employee who has 5 years of credited service, exclusive of service credited under § 5501(b)(4), (5) and (12) of this title, and becomes disabled shall become eligible to receive a disability pension beginning with the fourth month following the inception of his or her disability provided that such pension shall not be calculated under § 5527(a)(1)(i) of this title, unless a pension would have been payable under this chapter in effect immediately prior to the effective date of the 1976 Pension Act. Such individual shall cease to be eligible at the end of the month in which he or she recovers from disability and is again offered employment as an employee, if such recovery and offer of employment occurs before his or her attainment of age 60.

    (b) Such an employee shall be kept on the active payroll and receive credited service from the inception of his disability to the end of the third month following and shall receive payments at the same rate of compensation he received before he became disabled.

    (c) An employee shall be deemed disabled for the purposes of this section if he has a physical or mental disability which prevents him from performing the duties of his position.

2. 19 *Del.C.* § 2363(e) provides:

    \*   \*   \*   \*   \*   \*

    (e) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the Workmen's Compensation Act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits.

reinstatement of the full amount of his workers' compensation benefit but the Board ruled that it was contrary to legislative intent to permit an injured worker to secure two recoveries for a single wage loss.

On appeal to the Superior Court, the Board's ruling was reversed. The court ruled that an offset of disability retirement benefits against workers' compensation benefits is permitted only when there is an express legislative mandate to coordinate wage loss benefits. Since neither statute implicated in Calhoun's situation refers to a corresponding offset, the Superior Court concluded that no offset was authorized. This appeal followed.

## II

The State argues that while Calhoun is entitled to compensation for his wage loss, he is not entitled to look to duplicate sources of compensation if those sources are legislatively based. A coordination of these benefits may be achieved, the argument runs, by permitting the deduction of Calhoun's disability retirement payments from his workers' compensation benefits. To the contrary, Calhoun maintains that, given the liberal interpretation accorded compensation statutes, no offset can be implied and none authorized in the absence of legislative direction.

■ The question of offsetting State disability pension payments against workers' compensation is an issue of first impression, although coordination of benefits decisions abound. In *Miller v. City of Wilmington,* Del.Ch., 285 A.2d 443 (1971), *aff'd,* Del.Supr., 293 A.2d 574 (1972), the Court of Chancery ruled that a municipal police officer was entitled to receive both a disability pension and workers' compensation benefits. The court reasoned that the awards are independent of each other and, in the absence of a legislative prohibition against the receipt of dual benefits, the award could not be offset. Any decision to force government employees to choose between workers' compensation benefits and pension benefits, the court noted, "should be legislatively and not judicially made." 285 A.2d at 445. The rationale of *Miller* has been adopted in subsequent cases involving the coordination of employee benefits. *See Choma v. O'Rourke,* Del.Ch., 300 A.2d 39 (1972); *Bramble v. State Board of Pension Trustees,* Del.Super., 579 A.2d 1131 (1989).

The State concedes that the pertinent statutes conferring benefits upon Calhoun, the State Employees' Pension Plan, 29 *Del.C.* Ch. 55, and the Workers' Compensation Act, 19 *Del.C.* Ch. 23, contain no express prohibition against the receipt of benefits for an injury attributable to a common cause. To construe either statute as impliedly restricting the receipt of benefits would be counter to the usual rules of statutory construction. *State ex rel. State Board of Pension Trustees v. Dineen,* Del.Ch., 409 A.2d 1256 (1979) (statute vesting State employee pension rights should be liberally construed); *Children's Bureau v. Nissen,* Del.Super., 29 A.2d 603 (1942) (Workers' Compensation Act should be liberally construed to achieve its beneficial purpose).

The Workers' Compensation Act does expressly preclude the receipt of certain duplicate benefits. Indeed, the purpose underlying 19 *Del.C.* § 2363(e) is to prevent the employee from receiving compensation for wage losses from a third-party tortfeasor when the losses have already been compensated through workers' compensation. The offset provision of that statute has already been applied to Calhoun's third-party recovery in this case and has resulted in a reimbursement of previous compensation paid by the State. Had the General Assembly intended further credits it clearly could have so stated. In the absence of such further declaration of offset, we decline to imply them.

■ The imputation of offset in this case is not justified in terms of fundamental fairness. While it is true that Calhoun will receive payment for the same loss from two distinct sources, the sum of these payments will not equal the amount of his State compensation prior to the accident. Moreover, there is no basis for imputing double recovery of workers' compensation benefits if the second benefit arises from a source which exists by reason of the employee's payment of a separate consideration. In *Adams v. Delmarva Power & Light Co.,* Del.Supr., 575

A.2d 1103 (1990), this Court ruled that a workers' compensation carrier could not invoke the set-off provisions of 19 *Del.C.* § 2363(e) to secure reimbursement of compensation benefits from an injured employee's recovery under an underinsured motorist policy. The Court reasoned that since the employee had paid an independent consideration for additional protection against injury, he was entitled to the benefit of his insurance contract. In *Adams,* this Court distinguished earlier cases permitting governmental subrogation under § 2363, *Harris v. New Castle County,* Del.Super., 513 A.2d 1307 (1986); *State v. Donahue,* Del.Super., 472 A.2d 824 (1983), on the ground that subrogation was recognized where the separate insurance coverage had been provided by the employer.

The *Adams* analysis is pertinent here. Calhoun's entitlement to a disability pension is based on his participation in, and contributions to, the State Employees' Pension Plan, 29 *Del.C.* Ch. 55. Although the plan is legislatively established, it is contractual in nature and, when vested, confers a constitutionally protected property right. *In re State Employees' Pension Plan,* Del.Supr., 364 A.2d 1228 (1976). As an employee with more than five years of service, Calhoun became "eligible to receive a disability pension." 29 *Del.C.* § 5524(a). That vested right will not be forfeited by implication. *Dineen,* 409 A.2d at 1260. The State's effort to offset Calhoun's workers' compensation benefits by the amount received from his contractually secured disability pension benefits would clearly work a forfeiture of such benefits through implication. The Superior Court correctly ruled that such a result is impermissible in the absence of clear legislative direction.

Finally, the State contends that the offset of workers' compensation benefits is sanctioned by this Court's decision in *Guy J. Johnson Transp. Co. v. Dunkle,* Del.Supr., 541 A.2d 551 (1988) which involved an injured employee's attempt to recover medical expense pursuant to 19 *Del.C.* § 2322(a) after those expenses had been paid by the employer's medical insurance carrier. The holding in *Johnson* is inapposite. *Johnson* represents a clear instance of double recovery in which an employee sought to recover for medical expenses which he had not, in fact, sustained. *Johnson* stands for the proposition that an employee cannot secure double recovery for a single loss where both sources of recovery emanate from the employer. That holding cannot be read to encompass a situation where, as here, the asserted duplicate benefits result from a contractual arrangement supported by employee furnished consideration. Moreover, as previously noted, even with receipt of both workers' compensation benefits and disability retirement payments, Calhoun will still not achieve the wage level in effect at the time of his injury.

In refusing the offset of benefits, the Superior Court correctly interpreted the applicable legislative provisions which control the award of benefits to an injured State employee with vested disability pension rights. Accordingly, we AFFIRM that judgment.