IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JAMES BLAIR, JR.,

                : C.A. No. K18A-08-001 WLW

     Claimant-Below,      :
     Appellant,          :

         :

   v.                :

         :

SMYRNA SCHOOL DISTRICT,  :

         :

     Employer-Below,    :
     Appellee.          :

Submitted: January 2, 2019
Decided: April 5, 2019

**ORDER**

Upon an Appeal from the Decision
of the Industrial Accident Board
*Reversed and Remanded.*

Walt F. Schmittinger, Esquire and Candace E. Holmes, Esquire of Schmittinger and Rodriguez, P.A., Dover, Delaware; attorneys for Appellant.

William D. Rimmer, Esquire and Nicholas E. Bittner, Esquire of Heckler & Frabizzio, Wilmington, Delaware; attorneys for Appellee.

WITHAM, R.J.

## INTRODUCTION

Before the Court is Appellant/Claimant James Blair Jr.'s (hereinafter "Mr. Blair) appeal from a decision of the Delaware Industrial Accident Board ("IAB" or "Board") finding that Appellee/employer Smyrna School District (hereinafter the "School District") was entitled to a set off for the amounts Mr. Blair received in worker's compensation benefits, as his sick leave is 'an employer-supplied benefit' for which Mr. Blair did not pay consideration. The issue before the Court is whether an employer is entitled to an offset of worker's compensation benefits when an employee has received benefits as part of a program, for which he has paid no consideration to benefit from, but would have received despite paying no separate consideration.

For the reasons set forth below, the Court finds that the Board erred as a matter of law when it decided to return the sick days that Mr. Blair used over the days in question, which is not an available remedy that the Board may authorize pursuant to Section 2324, Title 19 of the Delaware Code. However, since this error of law was the predicate for the Board's decision granting a set off to the School District, the Court can not come to a decision today regarding the merits of Mr. Blair's appeal, challenging that portion of the Board's decision. Thus, because the Court finds the Board erred as a matter of law, the decision of the Board is hereby **REVERSED AND REMANDED**.

### FACTUAL AND PROCEDURAL HISTORY

Mr. Blair worked for the School District for thirteen years as a member of its

2

custodial staff. During the course and scope of his employment on March 22, 2011, he injured his back. As part of his resulting back treatment, Mr. Blair received eleven injections from his doctor and was forced to miss work on the day of the actual injection, plus the immediate day following.[1] In July 2015, Mr. Blair underwent lumbar surgery and subsequently missed more time from work.[2]

During the period subsequent to the lumbar surgery, Mr. Blair applied for worker's compensation benefits and a State supplement from his sick time in order to receive compensation that would equate to his full salary.[3] He was able to supplement his worker's compensation benefits for a time, but ultimately exhausted his balance of sick time.[4] As a result of exhausting his available sick time, Mr. Blair only received two-thirds of his pay through the worker's compensation benefits.[5]

Mr. Blair filed his Petition to Determine Additional Compensation Due initially seeking twenty-two days of temporary total disability benefits.[6] It is undisputed

---

[1] Stipulation of Facts at ¶ 2.

[2] TR at18:8-10; Appellant Opening Brief at 3.

[3] Appellant Opening Brief at 3.

[4] Since Mr. Blair had used sick time to cover work missed due to the injections, he had less sick time to supplement his time missed after the July 2015 lumbar surgery.

[5] *Id.* at 3-4.

[6] Before the hearing was conducted, it was determined that Mr. Blair had received temporary total disability benefits regarding 7/21/11, 7/22/11, 8/15/11, 8/16/11, 10/22/15, and 10/23/15. *See* Stipulation of Facts at ¶ 3. Additionally, it was also discovered that Mr. Blair received Short Term Disability benefits for the dates covering 2/4/13 and 2/5/13. *See Id.* at ¶ 4. As a result, those eight

between the parties that Mr. Blair was totally disabled in connection with the administration of these eleven injections by his doctor.[7]

On the following dates in question: 12/15/11, 12/16/11, 5/23/13, 5/24/13, 10/10/13, 10/11/13, 3/27/14, 3/28/14, 9/11/14, 9/12/14, 1/22/15, 1/23/15, 6/11/15, and 6/12/15, Mr. Blair used his accrued sick time so that he would not go without pay for those days missed.[8] His average weekly wage was $648.37, with a compensation rate that amounted to $432.25.[9]

When Mr. Blair left his employment with the School District, he received payment for the unused paid leave time that he had accrued during the course and scope of his employment.[10] At the Board hearing, however, Mr. Blair testified that he was unsure whether the payout had included any unused sick time, but he was certain that he received payment for all unused accrued vacation time.[11] He further testified that he did not pay anything to receive the sick time benefits for those dates,[12] and that

---

dates where not before the Board, leaving only fourteen dates for the Board's consideration. The Board considered the following dates: 12/15/11, 12/16/11, 5/23/13, 5/24/13, 10/10/13, 10/11/13, 3/27/14, 3/28/14, 9/11/14, 9/12/14, 1/22/15, 1/23/15, 6/11/15, and 6/12/15. *See Id.* at ¶ 7.

[7] *Id.* at ¶ 2.

[8] *Id.* at ¶ 5.

[9] *Id.* at ¶ 6.

[10] TR at 12:18-22.

[11] *Id.* at 13:2-12.

[12] TR at 14:3-6.

while he received sick pay compensation for the days in which he utilized that benefit,[13] he never contacted the worker's compensation adjuster on his worker's compensation claim in order to ask for total disability on those dates.[14]

Ms. Angela Ipnar (hereinafter "Ms. Ipnar") testified at the hearing that Mr. Blair paid nothing to receive sick time during his employment with the School District.[15] Ms. Ipnar further testified that while she did not keep Mr. Blair's time,[16] there was no way that she could have known that Mr. Blair was out of work due to a worker's compensation injury because the School District's leave forms did not specify the reason that sick leave was being utilized.[17]

On July 26, 2018, the Board issued its decision, and found Mr. Blair was entitled to receive worker's compensation benefits without using his sick leave to cover the fourteen days, but that the School District was entitled to a set off for the amounts Mr. Blair received, as his sick leave is 'an employer-supplied benefit' for which Mr. Blair did not pay consideration.[18] The Board further stated:

that the fourteen days at issue should be recognized as workers' compensation

---

[13] *Id.* at 14:20-23.

[14] *Id.* at 14:16-19.

[15] *Id.* at 22:14-16.

[16] *Id.* at 23:17-24.

[17] *Id.*

[18] *Blair v. Smyrna Sch. Dist.*, IAB Hearing No. 1365943 at 6 (July 26, 2018).

total disability benefits. Therefore, [Mr. Blair] will be credited for the fourteen sick days he used to cover the days he was off for his work injury (so he does not "lose" that benefit and can re-use those days another time). The amount paid will be treated as a credit for worker's compensation benefits that were owed and additional payment need not be made, unless a different carrier than the worker's compensation carrier paid the sick leave, in which case the two carriers shall reconcile between themselves.[19]

On August 3, 2018, Mr. Blair filed a notice of appeal of the Board's order to this Court. Mr. Blair challenges only the Board's order with respect to the credit and set-off.[20]

## PARTIES' CONTENTIONS

Mr. Blair argues on appeal that despite the Board awarding him a refund for his sick leave used over the fourteen days in question, the Board erred as a matter of law in awarding a credit and set-off to the School District for the amounts paid to him in sick leave benefits. He contends that the School District is not entitled to a credit or set-off for the amounts paid to him through his sick leave benefits either under the Delaware Worker's Compensation Act, or under the Delaware Merit Rules.[21] Finally, and apparently contrasting the scope of the appeal itself, Mr. Blair argues that the

---

[19] *Blair*, IAB Hearing No. 1365943 at 6.

[20] Appellant Opening Brief at 1.

[21] Appellant Opening Brief at 9.

6

Board's decision to reissue sick days was an incomplete remedy.[22]

The School District opposes Mr. Blair's contentions and argues affirmation of the Board's decision on three grounds. First, the School District argues that the Board properly found the Delaware Legislature's intent behind the Act properly supports a credit or set-off for purely employer funded benefits.[23] Second, it argues that since sick time is a benefit granted to an employee by the state, the employer in this case, and no evidence in the record shows otherwise, supporting the Board's award of a credits and/or set-off to the School District.[24] Finally, the School District argues that any reference made by the Board to the reinstatement of sick time was *dicta* and constituted harmless error because the School District had independently offered to issue such reimbursement to Mr. Blair.[25]

## LEGAL STANDARD OF REVIEW

---

[22] *Id.* at 22-23. Regarding this argument, it appears that the Appellant argues that because he no longer works for the School District, there is no guarantee that he will be paid for the sick days credited to him by the Board. He further argues that even if he were to be paid for those days, he would only receive 50% of the accrued time, if he is paid from the time he separated from his employment with the School District. In other words, Mr. Blair argues that if he had not used the sick days to cover the fourteen days in question, he would have had the sick time available to pay the one-third supplement for a longer period of time, and thus, he would have received a benefit of 100% sick time rather than receiving 50% upon separation from employment.

[23] Appellee Answering Brief at 8.

[24] *Id.* at 15.

[25] *Id.* at 20.

The standard of review of a legal determination of the Board is *de novo*.[26] The scope of this Court's review for an appeal from an IAB decision is limited to examining the record for errors of law and determining whether substantial evidence supports the Board's factual findings.[27] "Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[28]

This Court is precluded from weighing evidence, determining questions of credibility, or making its own factual findings[29] and must review the record in a light most favorable to the previous prevailing party, and resolve all doubt in its favor.[30] The Court must give deference to "the experience and specialized competence of the Board" and must take into account the purposes of the Worker's Compensation Act.[31] Only if there is no satisfactory proof in support of a factual finding may this Court

---

[26] *Kelley v. Perdue Farms*, 123 A.3d 150, 153 (Del. Super. 2015) (citing *Vincent v. E. Shore Markets*, 970 A.2d 160, 163 (Del. 2009).

[27] *Histed v. E.I. Du Pont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

[28] *D & B Transportation v. Vanliet*, 2014 WL 1724833, at *3 (Del. Super. Apr. 30, 2014) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[29] *Stevens v. State*, 802 A.2d 939, 944 (Del. Super. 2002) (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del.1965)).

[30] *Shaw-Malachi v. City of Wilmington/Finance*, 2006 WL 1875519, at *2 (June 30, 2006) (citing *General Motors Corp. v. Guy*, 1991 WL 190491, at *3 (Del. Super. Aug. 16, 1991)).

[31] *State v. Brown*, 2000 WL 33225298, at *2 (Del. Super. Aug. 7, 2000) (citing *Histed*, 621 A.2d at 342).

8

overturn the decision of the Board.[32]

## DISCUSSION

The purpose of the Delaware Worker's Compensation Act (hereinafter "the Act") is "to provide a scheme for assured compensation for work-related injuries without regard to fault and to relieve employers and employees of the expenses and uncertainties of civil litigation."[33] Once the existence of a work-related injury has been established, the next step is to ascertain the type of benefits due the employee.

Delaware courts have consistently held that an employer cannot benefit from a credit attached to a source in which a claimant has paid separate consideration.[34] Conversely, an employer is entitled to an offset of workers' compensation benefits when the claimant has received payment from an employer provided insurance policy or benefits program.[35] Stated differently, "an employee cannot secure double recovery for a single loss where both sources of recovery emanate from the employer."[36] In the

---

[32] *Johnson*, 213 A.2d at 67.

[33] *Kelley*, 123 A.3d at 153-54 (citing *Kofron v. Amoco Chemicals Corp.*, 441 A.2d 226, 231 (Del. 1982)).

[34] *See Adams v. Delmarva Power & Light Co.*, 575 A.2d 1103 (Del. 1990) (holding the employer cannot assert a credit against underinsured motorist benefits derived from a policy purchased by the claimant); *see also Beckhorn v. Guardian Constr. Co.*, 1998 WL 733091 (Del. Super. Sept. 2, 1998) (noting case where the employer sought a set-off for PIP benefits was distinguishable because the claimant did not pay separate consideration, but ultimately denying the credit due to the lack of particular evidence in that specific instance).

[35] *Kelley*, 123 A.3d at 153.

[36] *Kelley*, 123 A.3d at 153 (citing *State v. Calhoun*, 634 A.2d 335, 338 (Del. 1993)).

absence of an express intent of the legislature to extend such an offset or credit to the employer however, this Court will decline to imply one.[37]

### A. IAB erred awarding Sick Days to Mr. Blair

On appeal, Mr. Blair argues that the School District is not entitled to a credit or set-off for the amounts paid to him through his sick leave benefits either under the Act or Merit Rules. He specifically argues that: (1) the Delaware Legislature did not intend sick leave, as constituted under the Act, to be subject to a credit or set-off to an employer for the sick time used during a period where the worker's compensation benefit was *wrongfully withheld*;[38] (2) Mr. Blair's sick leave was a contractual arrangement supported by an employee-furnished condition;[39] and (3) the Board exceeded its statutory authority pursuant to 19 Del. C. § 2301A(d), by purporting to issue an order addressing the School District's obligations under Titles 14 and 29 of the Delaware Code, and the Merit Rules, regarding Mr. Blair's accrued sick time.[40]

The Act does not provide for remedies other than monetary compensation in

---

[37] *Calhoun*, 634 A.2d at 337.

[38] Appellant's Opening Brief at 11 (emphasis added) (Again, the Court does not agree with Mr. Blair's misrepresentation that any worker's compensation benefits were "wrongfully withheld," especially when he appears to be the reason that they were not considered closer in time to the actual dates where he missed work.).

[39] *Id.* at 15.

[40] *Id.* at 22.

cases of injuries that result in total disability.[41] In this case, however, part of the Board's decision appears to be contrary to the Act. Before the Board found that a set off was warranted for the School District, the Board credited Mr. Blair for the fourteen sick days he used to cover the days at issue. One only needs to read the Board's plain language in its decision, "so that [Mr. Blair] does not "lose" that benefit and can re-use those days another time,"[42] to find clear evidence that the Board was awarding Mr. Blair sick days, before the days were negated by the set off awarded to the School District. This was in error.

Despite the School District's assertions that the Board's decision regarding the return of Mr. Blair's sick days is simply *dicta* and at worst, harmless error, the Court disagrees.[43] Here, the Board's error of law served as a predicate for its decision to

---

[41] 19 *Del. C. § 2324* provides:
[f]or injuries resulting in total disability occurring after July 1, 1975, the compensation to be paid during the continuance of total disability shall be 66 2/3 % of the wages of the injured employee, as defined by this chapter, but the compensation shall not be more than 66 2/3 % of the average weekly wage per week as announced by the Secretary of the Department of Labor for the last calendar year for which a determination of the average weekly wage has been made, nor less than 22 2/9 % of the average weekly wage per week. If at the time of the injury the employee receives wages of less than 22 2/9 % of the average weekly wage per week, then the employee shall receive the full amount of such wages per week, as compensation. Nothing in this section shall require the payment of compensation after disability ceases.

[42] *See* Supra n.20.

[43] The Court agrees with Mr. Blair's concession that the Board's award of sick days was improper. *See* Appellant Answer Brief at 17 (acknowledging that the IAB did not have the authority to issue Mr. Blair a return of his sick leave).

award the School District with a set off. By awarding Mr. Blair his sick days, the Board was able to award the School District with a set off. In other words, without the Board's award of sick days to Mr. Blair, there would have been no set off available to the School District.

In sum, the Board's decision was improper and cannot be considered harmless. Because of this, the Court can not, and indeed, will not, reach a conclusion regarding the merits of Mr. Blair's appeal, as any decision regarding those merits, under the circumstances presented here, would be inappropriate. As the Court has found that the Board erred as a matter of law, the Board's decision must be reversed and remanded for further consideration consistent with this opinion.

## CONCLUSION

Thus, for the foregoing reasons, the decision of the Board is **REVERSED AND REMANDED.**

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

12